# DECISIONS

OF THE

# SUPREME COURT OF FLORIDA.

JUNE TERM, A. D. 1890.

MATTHEW L. McKINNEY ET AL. APPELLANTS, VS. THE
COUNTY COMMISSIONERS OF BRADFORD COUNTY.

1. On an application for an injunction the Chancellor may consider
the merits of the bill, and should deny the writ if the case
made by it does not entitle the complainant to an injunction.

2. Where a bill not only fails to allege matter material to the right
to a preliminary injunction, but also makes a showing indicat-
ing that such matter does not exist, the complainant cannot
on an application for such injunction avail himself of the
showing made by the answer of the existence of such matter
without amending his bill.

3. Where a bill seeks to enjoin County Commissioners from holding
a county site election, on the ground that a previous election
at which the county site of the county was located, precludes
the calling or holding the second election for a period defined
by the statute regulating the subject, which period has not
passed, the bill should show that the former election was
legal or such as to preclude the calling of the second one.

4. If the bill indicates that there was a jurisdictional defect in the
proceedings of the Commissioners in calling the former elec-
tion, the injunction should be denied, although the answer of
the defendant may make a contrary showing. The complain-
ant cannot avail himself of such showing made by the answer
without first amending his bill.

5. A petition under the present county site election statute according to the settled construction given it, must, to give jurisdiction to the County Commissioners to call the election for the location of the county site, pray for *a change* of the location of the county site. An order of the County Commissioners calling an election, and reciting that the petition upon which it is based prayed for an election "to *locate* the county site" does not of *itself* show a jurisdictional petition, but indicates that the petition was fatally defective in not showing a desire for a change of a location of the county site. A further recital in the order that it appeared to the satisfaction of the Board that the petition was "regular and in conformity to the statute" does not change the effect of the previous recital.

6. Allegations in a bill of complaint that a petition presented to a Board of County Commissioners, under the county site election statute for the second of the above elections was fraudulent and void in that it contained signatures not affixed thereto by the voters themselves, or in their presence by any authorized person, and that many of the names signed to the petition were not the same as the names of the voters on the registration lists who were counted as having signed such petition, by the County Commissioners in ascertaining that one-third of the registered voters had signed the same, do not show that the petition did not have on it the requisite number of genuine signatures of legally registered voters, independent of those to which such objections apply, and assuming that the questions involved in these objections have not been committed by the Legislature to the investigation and judgment of the County Commissioners, such allegations do not show that the petition was illegal.

7. The statute regulating county site elections does not preclude the use of several petitions signed by different registered voters. Several petitions in proper form signed by, in the aggregate, "one-third of the registered voters" of the county are a "petition" within the meaning of the statute.

8. An injunction should not be granted to restrain the holding of a county site election, when the day for holding such election has passed, nor is an injunction the proper remedy for correcting removal made by county officers pursuant to a county site election.

Appeal from the Circuit Court for Bradford County.

The facts of the case are stated in the opinion.

*C. P. & J. C. Cooper*, for Appellants.

*Bugg & Wills, A. W. Cockrell & Son* for Appellees.

RANEY, J.: The complainants, who are appellants, allege in their bill filed July 21, 1887, that they are residents, tax payers and registered voters of Bradford county, and real estate owners in or near the town of Lake Butler, the county site, the residence and home of several of them being in said town and the others residing within a few miles thereof.

That the county site has been located and the county records kept, at said town, ever since the creation of the county, in 1858, as the county of New River, from which name a change to Bradford was afterwards made. The court house and jail are located at said place and owned by the county and all the county offices are kept and suitably provided for there.

That on March 11, 1885, at a meeting of the Board of County Commissioners of the county on a petition "presented to them by the requisite number of registered voters of said county, an election was ordered to locate the county site of said county," and that the notice of such election was published according to law and the election held at the different precincts of the county on May 5, 1885, in conformity to such order and in accordance with the published notice, to locate the county site. A copy of the order for the election is annexed to the bill as part thereof. It recites the presentation of a petition "asking for an election to locate the county site," and "it appearing to the satisfaction of the Board that said petition is regular and in conformity with the statutes," and orders an election to be held at the

different precincts in the county on the day stated, "to locate the county site" of the county, and directs the publication of notice of the election in a newspaper published in the county.

That according to the returns of the election from the several precincts, which returns were canvassed by the County Commissioners May 11, 1885, and according to such canvass, 1277 votes were cast, of which votes Starke received 629 and Lake Butler 648, and the County Commissioners declared Lake Butler to have been elected the county site of said county, and made due entry of the same on their records. The entry is set out in the bill of complaint.

That notwithstanding such election was held with the result aforesaid, the present Board of County Commissioners have lately entertained a pretended petition for a change of location of the county seat and on July 5, 1887, ordered an election for such purpose the same to take place on August 17, 1887, and have ordered the Clerk to publish notice of such election in a newspaper published in the county, and that the Clerk has published the notice and a copy of the same is annexed to the bill.

That there is no statute by virtue of which the election proposed as aforesaid could be held, as the Legislature has failed to provide a law to carry into effect Section 4 of Article 8 of the Constitution "even if they were not estopped by the action of the Board had as aforesaid in May, 1885, and the statute then in existence and of force in such cases and under the general principles of law applicable to the matters that ceased to be *in fieri* and are *res adjudicata*."

That under the act approved June 2, 1887, entitled "An Act to provide for a general election and for returns of elections" until a new registration is had of voters as provided

therein and that no such registration has been had in such county and no provision made to carry the act into effect in said county.

That the said second or pretended petition is fraudulent and illegal in that it contains signatures not affixed thereto by the voters themselves or in their presence by any one authorized by them to do it, and many of the names signed to the petition are not the same as the names of the voters on the registration list who were counted as signing such petition by the Board of Commissioners in ascertaining that one-third of the registered voters had signed the same, and in that it was not in the form of one petition signed by the requisite one-third of the voters but was presented in several different petitions signed or purporting to be signed as aforesaid.

The prayer is for an injunction restraining the Commissioners and Clerk of the Circuit Court "from proceeding or continuing to publish said order or notice of election for locating the county site of Bradford county or for any purpose having in view the agitation of the question of the removal of said county site, and from holding or ordering an election in said county for said purpose and from doing any act by which such election may be held or recognized by them and from receiving any return of such election, and from canvassing any votes cast thereat and from declaring any result in the premises" and for furtheir relief and subpœna.

On July 22, notice was served on the defendants to the effect that on August 2, 1887, an injunction, "as prayed for in the bill" would be applied for.

The answer of the majority of the Commissioners admits the allegations of the bill as to the residences, status, etc. of the complainants and those as to Lake Butler having been the county seat since the organization of the county, and as to the court house, jail and county offices.

It admits the election of May, 1885, with the result stated, but says that the prayer of the petition upon which this election was ordered was that the county site be changed from Lake Butler to Starke and not for a change of the location of the county site. A copy of the petition is annexed as a part of the answer. It is for "a change of the county site from Lake Butler to Starke and for the purpose of effecting such change in accordance with law in such cases made and provided that your honorable body call an election in the several precincts of the county on the 11th day of May, 1885."

As to the election of 1887, it says the prayer of the petition was for a change of location, but denies that the petition is fraudulent or illegal, and the other allegations in the last of the above paragraphs giving the statements of the bill, except as to their being several petitions and averring the presence of genuine signatures of more than one-third of the registered voters of the county affixed thereto by the registered voters themselves, or by their authority, and that the several petitions were identically alike.

We granted a re-hearing in this case because it seemed to us at the time of doing so that we might not have considered with sufficient care whether or not the rule it adopts would be applicable in case the election held in 1885 was valid and precluded, as illegal, and entirely beyond their power, any action whatever by the County Commissioners as to another election on the question of changing the location of the county seat until after the lapse of ten years. Sec. 4, p. 321, McC's. Digest. Adams Eq., 212.

It seems to me now that if the lapse of the time was a good reason for refusing to consider the cause on its merits, the form of our order should have been a dismissal of the appeal instead of an affirmance of the order appealed

from, and that to this extent there was technical error, yet in view of the reservations in such order not a substantial error if such lapse of time is ground for a dismissal.  Confessing as I do, that doubts have upon further reflection arisen in my mind as to the correctness of a practice which would dismiss an appeal under the circumstances of this case, we have concluded to postpone until it shall come before a full bench the final determination of the practice to be followed in such cases, and to dispose of this case on other grounds.

On an application for an injunction a Chancellor may go into the merits as disclosed by the bill and which are intrinsic and dependant upon its express allegations and charges.  City of Apalachicola vs.  Apalachicola Land Company, 9 Fla., 340.  Again, relief cannot be granted for matters not charged in the bill.  The complainant must stand on the case made by his bill and cannot have advantage of material matter not put in issue by it, although such matters may be shown by other pleadings or the evidence.  Story Eq. Pl., Sec. 257, 264; 1 Daniel Chancery Pl. & Pr., m. p. 326, 327, note 6 and m. p. 361, note 1.; St. Andrews Bay Land Co. vs. Campbell, 5 Fla., 560; Pasco vs. Gamble and Poole, 15 Fla., 562. . He may amend his bill, and incorporate such material matter in it.  *Ibid.*

The bill in this case fails to show that the election of May, 1885, was ordered upon a petition asking for a change of the location of the county site.  It neither alleges expressly that such was the case, nor shows the fact by annexing a copy of the petition to it, or otherwise.  It is true it annexes a copy of the order for the election, but the recital of facts in this order is that the petition presented prayed for an election "to locate the county site."  If there was in the petition any prayer, or expression of desire, for a *change of location* of the county site, the bill does not inform us of

it. The doctrine of Lanier vs. Padgett, 18 Fla., 842, relied upon by counsel for appellant is decisive of the point that a petition praying for an election "to locate the county site" is insufficient and that an election ordered upon such a petition is void. The fact that the Commissioners of 1888 were satisfied that such a petition was "regular and in conformity to the statutes" did not make it so, nor give jurisdiction to the Board of County Commissioners of the question of calling an election.

This bill, assailing as it does, the action of the County Commissioners in calling the election of 1887, on the ground that the effect of the election of 1885, was to render illegal and beyond their authority or powers any action in 1887, or before the lapse of ten years, as to another county site election, should have affirmatively shown the former election to have been such as to have the effect stated ; but instead of this, the bill, considered with reference to this feature of the case made by it, (and independent of the allegations as to the irregularities in the second election, none of which are of a jurisdictional character,) has made such a showing as indicates that the petition was in such form as to render invalid the election. Seeking as it does to show that the subsequent action was beyond their power in consequence of the former action it should make it appear affirmatively that the former action was of the character to have this effect.

Considering the bill in the above aspect we do not think it presented a case for an injunction. If, upon remanding this cause, it shall be that the county site has not been removed, but the Commissioners about to remove it, pursuant to an election held on the 17th day of August 1887, an amendment of the bill should be allowed. If on the other hand the election has been held and canvassed and the

county site shall, when the amendment is applied for, have been actually removed, we do not think injunction will be the proper remedy for correcting such past acts, assuming them to have been illegal. Smith & Davis vs. Scott, 22 Fla., 205, and cases cited. 1 High on Injunctions, Sec. 23; and the former opinion in this case.

The objection made to the election of 1887, on the ground of absence of legislation to carry into effect Section 4 of Article 8 of the Constitution and that as to there having been no new registration under the act of June 2, 1887, and no provision made to carry such act into effect in Bradford county, we understand counsel for appellants to have abandoned on the hearing.

The other objections made to such election of 1887, which are set out in the paragraph immediately preceeding that giving the prayer of the bill, are insufficient. That as to there being several different petitions, instead of one petition does not invalidate the election. Douglass *et al.* vs. County Commissioners of Baker Co., 23 Fla., 419; S. C. 2 So. Rep., 776. We see no objection to having several petitions of the same kind to be signed by different electors. Considered as a whole they are a "petition" and having several, instead of one, does not violate the meaning or spirit of the statute. Assuming that the other objections set up in said paragraph are not matters which the Legislature has committed to the judgment of the County Commissioners, it is still evident that the bill does not show that the persons or names to which such objections apply are sufficient to reduce the names on the petition to a number below the requisite "one-third of the registered voters" of the county, or, in other words, it is not shown that the petition did not also have on it the genuine signatures of legally registered voters to the

number required by the statute. These allegations are altogether insufficient to justify an injunction. Their amendments will be goverened by the same rule as is announced above as to an amendment of the first defect pointed out in the bill, according as the county site shall or shall not have been removed.

The bill is therefore deficient and the order appealed from is affirmed.

[The above opinion was rendered at the June Term, 1888, but was omitted by mistake.]