ANTONIO WORDEHOFF, APPELLANT, vs. JOHN R. EVERS AND JACKSON BYRD, APPELLEES.

1. An injunction may be dissolved upon motion and due notice, either before or after answer filed.

2. A Court of Equity cannot entertain a bill to review and reverse a judgment of a Justice of the Peace for errors committed on the trial and to set aside an execution upon such judgment, or to set aside an execution illegal or void, and to enjoin a levy upon personal property, there being ample remedies at law.

Appeal from the Circuit Court for Hillsborough county. The facts of the case are stated in the opinion.

*James T. Magbee* for Appellant.

*Joseph B. Wall* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court.

Appellant filed a bill for an injunction against Evers, a Justice of the Peace, and Byrd, a Constable, to enjoin the sale of appellant's personal property under an execution issued by the Justice. An injunction was granted, upon filing the bill, and before answer, on motion of appellees, was dissolved and the bill dismissed upon the ground that there were no equities in the bill; whereupon the complainant appealed, and assigns causes for reversal that the court erred in holding that there were not sufficient equities in the bill, and in dismissing the bill, and dissolving the injunction before answer.

There can be no question that if the bill contained no grounds for equitable relief, the injunction should have been refused in the first instance. This being the case, the court should seek the earliest opportunity to right itself. As a question of mere practice it is provided by statute that in all cases the court may, on motion and due notice, either before or after answer filed, dissolve any injunction that may have been granted. Th. Dig., 453, §2.

Were there equities in this bill? It alleges that on complaint before Evers, a Justice of the Peace, by one Mrs. Clark, a warrant was issued by him for the arrest of a third person for an offence, and appellant had become security for costs in this proceeding. After two trials before the Justice a verdict of acquittal was rendered, and the Justice issued execution directing the Constable to seize " so much of the estate of A. Wordehoff as will make the sum of

seventy dollars and twenty-five cents, which in a Justice's Court were adjudged to for his debt of cost of suit," &c. Under this writ, Byrd, Constable, levied upon appellant's cattle. Appellant made his affidavit under the statute, alleging the illegality of the writ, and delivered it to the Constable, and the Justice on receiving the same refused to act thereon and determine the question of illegality as required by law, and the Constable will proceed to sell the cattle, unless restrained by injunction which is prayed.

The rule is that except in peculiar or extraordinary cases (of which this is not one) Courts of Equity have no jurisdiction to enjoin a levy or a trespass upon property, or to enforce a mere legal right to it where there was a clear remedy at law. 12 Fla., 393; 8 ib., 350; 13 ib., 281; 14 ib., 366; 15 ib., 403; 16 ib., 258; ib., 261; High on Inj., §30, 31, and all the authorities. Of course where a statute expressly confers upon Courts of Equity jurisdiction of particular matters, such matters are taken out of the general rule, but there is no such statute embracing this case.

While it appears from the bill that there were errors and irregularities in the conduct of the trial before the Justice, and no authority existed for issuing the execution, and the execution itself appears to be void upon its face, the remedy was clearly at law.

If the judgment for costs was erroneous it could be corrected by motion or by appeal.

The execution being unauthorized and void, the Justice should, upon proper application, decide the question, and if he refuse to do so, the Circuit Court would compel him to hear and decide it. If then he decide wrong, an appeal would be the proper remedy.

These statutory remedies afford the means of accomplishing relief even beyond that sought by this bill.

The decree of the Circuit Court dissolving the injunction and dismissing the bill is affirmed, with costs.