A. D. CAMPBELL, AS TRUSTEE, AND CEPHAS L. WILSON, AS COMMISSIONER, APPELLANTS, VS. JOHN H. WHITE, APPELLEE.

### INJUNCTIONS—RULE FOR GRANTING OR WITHHOLDING.

Where the defendant to a bill for injunction files an answer at the hearing of the application for injunction that is fully responsive to such bill, and that denies all the equties thereof, the general rule, under our statute permitting both parties in such cases to introduce evidence at the hearing for injunction in support of the bill and the answer, is, that the judge in granting or withholding the injunction must be governed by the weight of the evidence.

Appeal from the Circuit Court for Washington county.

### STATEMENT.

The appellee, John H. White, on May 31st, 1894, filed his bill in equity in the Circuit Court of Washington county against the appellants, A. D. Campbell, as trustee, and Cephas L. Wilson, as commissioner, appointed by said court, in which he alleges as follows: "That he is the owner in fee simple, and is in

the actual possession, of the following described lands lying and being in Washington county, to-wit: The southwest quarter of the northwest quarter of section one, township three north, range fourteen west, containing forty acres, more or less. That the said Cephas Wilson, as said commissioner, has levied upon said land by virtue of a final decree obtained in a cause pending in this court, wherein the said A. D. Campbell, as said trustee, was complainant, and H. D. Brock and Company, H. D. Brock and wife, Henry Faust and wife, T. W. King and J. M. Stuckey were defendants; and has advertised said land for sale under said decree on Monday, the 4th day of June, A. D. 1894, and will sell the same on said day unless restrained by your honor. That if said sale is made as advertised, it will cast a cloud upon your orator's title to the same, and will subject him to great inconvenience, annoyance and expense to have said cloud removed from his title to said land." The bill prayed for temporary and perpetual injunction to restrain the sale of said land under said decree, and for general relief.

The defendants, at the hearing of the application for temporary injunction, filed their answer to the bill as follows: "First, That they insist that the complainant in and by his bill of complaint has not made or stated such a case as does or ought to entitle him to the relief or any other relief. Second. That the complainant was made a party defendant to the suit in which the decree was obtained under which defendants are acting, and the complainant was by the aforesaid decree expressly barred and foreclosed of all right and equity of redemption, right of dower and separate estate in and to the identical property described in the

bill of complaint herein. And the defendants further, on information and belief, deny that complainant has the fee simple title to, and actual possession of, the lands described in the bill of complaint herein. And defendants further deny that the said complainant has any title to said lands or any possession thereof which is superior to the rights of defendants to sell said lands, under said decree."

At the hearing of the application for temporary injunction, defendants also exhibited in support of their answer certified copies from the Clerk of the Circuit Court of Washington county of the decree *pro confesso* and final decree in a cause pending on the equity side of said court in favor of A. D. Campbell, as trustee for divers parties, against Howell D. Brock and others, for foreclosure of mortgage, to which bill the complainant herein, John H. White, was a party defendant, and by which final decree of foreclosure the said White was expressly adjudged to be barred and foreclosed of all right and equity of redemption in and to the identical land the sale of which under said foreclosure decree he seeks to enjoin by his bill herein. This decree of foreclosure was rendered on April 25th, 1894. The complainant at the hearing for temporary injunction appears by the record before us to have made no other or further showing to the court than that contained in his verified bill of complaint.

Upon the hearing for injunction the judge made the following order: "This cause came on for hearing upon application of complainant for the temporary injunction prayed for; after argument of counsel for the respective parties, on consideration thereof, it was ordered, adjudged and decreed by the court that the defendants, and each of them, their agents and attor-

·neys, be restrained and enjoined, until the further order of this court, from selling the following described land in Washington county, Florida, to-wit: The southwest quarter of the northwest quarter of section one, township three, north, range. fourteen west, containing forty acres, more or less, or from selling any portion or interest therein; provided this injunction shall not become effectual unless the complainant shall on or before twelve o'clock noon, Monday June 4th, 1894, execute and file with the clerk of this court a bond in the sum of one hundred dollars, with good sureties to be approved by the clerk of this court, conditioned to pay to the defendants all costs and damages which said defendants may sustain in consequence of this injunction being improperly issued. It was further ordered that if defendants appeal from this decree, that such appeal operate as a supersedeas upon the defendants executing and filing with the clerk of this court, to be approved by him, a bond payable to the complainant in the sum of two hundred dollars, conditioned to pay plaintiff all costs and damages which he may sustain in consequence of such supersedeas being operative, if this decree be confirmed by the Supreme Court of the State of Florida. This injunction was granted upon condition that complainant do. within ten days from this date amend his bill of complainant so as to show that the title now claimed by complainant was acquired by him after the date of the decree of foreclosure in the case of A. D. Campbell, trustee, vs. H. D. Brock *et al.*, in evidence in this case, and leave to amend the bill in that respect is hereby granted. Ordered and decreed at chambers, in Marianna, Jackson county, Florida, June 2d, 1894. W. D. Barnes, Judge 1st Jud. Cir. of Fla.''

The complainant filed the one hundred dollar bond required of him, and on June 4th, 1894, the defendants took their appeal from said order to this court.

*Benj. S. Liddon*, for Appellants.

*D. L. McKinnon*, for Appellee.

Mr. Justice Carter being disqualified, took no part in the adjudication of this case.

TAYLOR, C. J.:

Where the defendant to a bill for injunction files an answer to such bill at the hearing of the application for injunction, that is fully responsive to such bill, and that denies all the equities thereof, the rule, as announced by this court in Sullivan vs. Moreno, 19 Fla. 200, under our statute permitting both parties in such cases to introduce evidence at the hearing for injunction in support of the bill and the answer, is, that the judge in granting or withholding the injunction must be governed by *the weight of the evidence*. Applying this rule to the case made in the record before us, the order for injunction appealed from was improvidently and erroneously made. The bill itself is vague and meagre in its allegations, stating conclusions of law, rather than facts, as to the title of the complainant, and as to the wrongfulness and illegality of the threatened cloud upon such title. The defendants' answer, interposed at the hearing of the application for injunction, is fully responsive to, and positively denies all the equities of, the bill. Besides this, the answer discloses the material facts that was, from appearances, purposely withheld from the bill, that the complainant was in fact a party defendant to the

decree of foreclosure, the enforcement of which he was seeking to enjoin, and that all of his rights and equity of redemption in the identical land whose sale under such décree he was seeking to enjoin, were by such foreclosure decree barred and foreclosed. This disclosure made by the answer was conclusively proven by the defendants at the hearing of the application for injunction by the introduction of the record evidence thereof; and the complainant, according to the record before us, introduced nothing to sustain his alleged title, that was squarely denied by the answer, nor to break the force of the disclosure made by the answer that he was a party defendant to the foreclosure decree he was seeking to enjoin. The order for injunction had incorporated therein a proviso that it was made upon the condition that the complainant would amend his bill so as to show that he had acquired title to the land in dispute subsequently to the decree of foreclosure. No such amendment of the bill appears in the record before us, but we are called upon to pass only on the case as made before the judge below by the pleadings and proofs as it stood when the order appealed from was made. By that record the order appealed from was erroneously made, and it is hereby reversed with directions for such further proceedings as may be conformable to this decision and the practice in equity.