THE TAMPA GAS COMPANY, A CORPORATION UNDER THE
LAWS OF FLORIDA, APPELLANT, VS. THE CITY OF TAMPA, A
MUNICIPAL CORPORATION UNDER THE LAWS OF THE STATE
OF FLORIDA, APPELLEE.

1. Where a city can not enter into a proposed contract for
   lighting its streets until such contract is ratified by the
   freeholders of said city at an election held for that pur-
   pose, a bill to restrain the city from entering into such
   contract filed before such election is had, is premature,
   and will be dismissed.

2. A decree dismissing a bill in equity to enjoin the holders
   of an election, will not be reviewed by this court when
   the time for holding such election is long past.

This cause was decided by Division B.

Appeal from the  Circuit  Court  for  Hillsborough
County.

The facts in the case are stated in the opinion of the
court.

*C. C. Whitaker* and *Macfarlane & Raney*, for Appellant.

*John P. Wall*, for Appellee.

MAXWELL, J.

The appellant filed its bill of complaint in the court be-
low, alleging that it was a resident taxpayer of the city
of Tampa, and as such sought to enjoin the  defendant
from entering into a contract with one  Martin for the

lighting of the streets of said city. The bill, after alleging various objections to the making of such contract, further alleges that notwithstanding these, the city had passed an ordinance granting to Martin, his associates and assigns, the proposed contract, and had called an election for the ratification of said contract, to be held on the day following the date of filing the bill. The prayer of the bill was that the defendant be restrained from holding said election or entering into said contract. Temporary injunction was denied as to the election, but granted as to entering into contract. Demurrer to the bill was overruled, answer was filed and motion made to dissolve the injunction. The court entered its decree thereupon, dissolving the injunction and dismissing the bill, from which decree appeal is taken.

Chapter 4166 of the acts of 1893, authorizing cities and towns to enter into contracts for lighting their streets, contains the proviso "that such agreement or agreements shall be ratified by a majority vote of the freeholders of such city or town, and voting at an election to be held for the purpose of ratifying said agreement or agreements." Under this act a proposed contract is ineffectual unless so ratified. Until such ratification it is merely in embryo. It may be ratified, and it may not. If not, there will be nothing from which to seek relief, or requiring the intervention of the courts. If ratified, there will then be ample opportunity for such intervention and relief.

The bill in this case discloses that at the time of its filing, the election for ratification of the proposed contract had not been had. The suit was, therefore, premature, and was properly dismissed. New Orleans El. Ry. Co. v.

Mayor, etc. of New Orleans, 39 La. Ann. 127, 1 South. Rep. 434; Judd v. Town of Fox Lake, 28 Wis. 583; Doolittle v. Supervisors of Broome County, 18 N. Y. 155; Morgan v. City of Binghampton, 102 N. Y. 500, 7 N. E. Rep. 424; Spring Valley Water Works v. Bartlett, Mayor, 16 Fed. Rep. 615; Kearney v. Andrews, 10 N. J. Eq. 70; Pedrick v. City of Ripon, 73 Wis. 622, 41 N. W. Rep. 705, S. C. 3 L. R. R. 269.

The bill also sought to enjoin the holding of the election for ratification, but this was denied, and at the time the bill was dismissed the time alleged for holding the election was long past. Such prayer, therefore, could furnish no ground for retaining the bill. McKinney v. County Commissioners of Bradford County, 26 Fla. 267, 4 South. Rep. 855.

The decree of the court below, dismissing the bill of complainant should be affirmed, without prejudice, however, to its right to file such further bill as it may be advised, and it is so ordered.