Baird v. The Ellsworth Trust Co.—Syllabus,

aside the verdict, is affirmed, and the cause remanded for a new trial, at the cost of the defendant in error.

E. J. BAIRD, APPELLANT, *vs.* THE ELLSWORTH TRUST COMPANY, A CORPORATION UNDER THE LAWS OF THE STATE OF IOWA, A. O. STEENBURG, J. W. PATTON, AND D. G. BARDIN, AND S. J. SIKES, PARTNERS UNDER THE FIRM NAME AND STYLE OF BARDIN & SIKES, APPELLEES.

At the hearing of a motion to dissolve a temporary injunction had upon bill, answer and affidavits before expiration of the time for taking testimony, it is error to dismiss the bill if it states a cause for equitable relief, even though the court, governed by the weight of the testimony as presented in the affidavits and the bill and answer, should properly dissolve the injunction.

This case was decided by Division B.

Appeal from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the Court.

*Evans Hale* and *W. C.* Jackson, for Appellant;

*Horatio Davis*, for Appellees.

PER CURIAM.

This case is controlled by the ruling made in Richardson v. Kittlewell, 45 Fla. ...., 32 South. Rep. 984. Here, as there, the appeal is from an order dissolving a tempo-

rary injunction and dismissing the bill, upon a·hearing had upon motion to dissolve based upon bill, answer and affidavits, before the time for taking testimony had expired. Here, as there, the evidence is sufficient to sustain the action of the court in dissolving the injunction; but here, as there, the appellant had a right that the bill be retained for a final hearing after full proofs. The bill should not have been dismissed upon mere motion to dissolve.

The decree appealed from, in so far as it dissolves the temporary injunction, is affirmed. In so far as it dismisses the bill it is reversed, and the cause is remanded for further proceedings conformable to chancery .practice.