THOMAS A. DOKE AND N. D. WAINRIGHT, APPELLANTS VS. C. L. PEEK, APPELLEE.

1. The owner of timber upon the land is not an "owner of timbered lands," within the meaning of Revised Statutes, section 1469.

2. The fact that the timber standing upon land constitutes its chief value, does not give equity jurisdiction to enjoin its cutting upon application of one owning only the timber.

3. A bill alleging that complainant is the owner of the timber upon lands and in the actual possession thereof and that said lands are chiefly valuable for the timber thereon, and

are wild. unimproved and unoccupied, is insufficient to support an injunction against a trespasser thereon, even though the chief value of the land would be destroyed by the removal of said timber.

4. Upon a hearing for an injunction, proof of the insolvency of the defendant must be direct and positive, and not merely upon information and belief.

This case was decided by Division B.

Appeal from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the Court.

*Evans Haile,* for Appellants;

*W. W. Hampton,* for Appellee.

COCKRELL, J.

Appellee, in a bill exhibited against the appellants, alleged that he was the owner of the timber on certain described lands, and was in the actual possession of said property; that defendants without authority of law and without any valid right, title or interest in the said land, or to the said timber thereon, had gone upon said lands with a large force of hands and had cut and were cutting the timber for the purpose of making cross-ties; that the said land was valuable chiefly for the timber thereon, and was wild. unimproved and unoccupied, and if the said timber were cut and removed as aforesaid, the chief value of said land would be destroyed. It is alleged on information and belief that the defendants were both insolvent; it is prayed that the defendants be enjoined from

cutting and removing timber off or from said land and from removing any timber therefrom that may have been cut by the defendants, and further, that an accounting be had of the timber already cut. From a decree granting a temporary injunction as prayed this appeal is taken.

On what is the supposed equity for an injunction based? The frame of the bill would suggest an attempt to follow section 1469 of the Revised Statutes, which reads "courts of chancery shall entertain suits by any person claiming to own any timbered lands in this State, to enjoin tresspasses on such lands by the cutting of trees thereon, or the removal of logs therefrom, * * * and in such suits the courts shall cause an account to be taken of the damage to the complainant from any of said tresspasses * * * ." The allegations of the bill, however, fail to come up to the requirements of this section. Complainant does not claim to own any timbered lands in this State, but to be "the owner of the timber upon the land," as though there were a complete separation of the title to the timber and of the title to the land whereon the timber stands, and the whole scope of the bill shows a well defined understanding of the terms so as to indicate that the distinction was intentional and not a slip of the pen. It is clear from an inspection of the statute that it was the owner of the land the law was seeking to protect and not the purchaser of timber rights.

We do not consider these views as conflicting with those expressed in Jenkins v. Lykes, 19 Fla. 148, wherein it was held that a parol sale of standing trees was void as being a sale of an interest in land. While we do not hold that a sale of the timber is not a sale of an interest in the land, we do hold that such a purchaser is not the "owner of timbered lands" within the meaning of the statute .

Is there equity for an injunction irrespective of the statute? In Wiggins v. William, 36 Fla. 637, 18 South Rep. 859, this court considered this statute as extending the powers of the chancery court beyond the limits of its jurisdiction theretofore exercised, "in this, that claimants of timbered lands are given the right to have an injunction against the tresspasses mentioned without reference to the character of the injury as being irreparable or the inadequacy of the legal remedy for the wrong, or actual possession of the claimant." There is an entire absence of a showing of irreparable injury to the complainant in this bill. It is alleged that if the timber be cut, the chief value of the land will be destroyed, but this injury to the land as land would fall not upon the complainant, it would fall upon some third person who is the owner of the land and who is not a party to the proceedings. There is no allegation that the trees are of peculiar value by virtue of their nature, the purpose for which they are acquired, the uses to which they were to be put, or of the conditions surrounding their owner, the complainant, so as to show the damages would be irreparable.

Even if insolvency of the defendants could be an independent equity sufficient to support an injunction, the proof of such insolvency at the hearing must be direct and positive and not upon information and belief. The affidavit used at this hearing, read in the light of the allegations of the bill, does not come up to the rule laid down in Ballard v. Eckman & Vetsburg, 20 Fla. 661, which requires the oath of the person from whom the information is obtained.

For the reasons stated the temporary injunction should not have been granted. The order granting it is reversed and the cause remanded for further proceedings.