Richardson v. Kittlewell—Opinion of Court.

S. EMMA RICHARDSON, APPELLANT, VS. R. KITTLEWELL, APPELLEE.

1. Upon application to dissolve a temporary injunction upon bill, answer, replication and affidavits, the chancellor must be governed by the weight of the evidence; and his ruling thereon will not be reversed on appeal unless clearly erroneous.

2. In a hearing had upon motion to dissolve a temporary injunction upon bill, answer, replication and affidavits, before expiration of the time for taking testimony, it is error to dismiss the bill if it states a cause for equitable relief.

3. An affidavit that notice to defendant of an application for injunction will accelerate the injury apprehended furnishes no reason for dispensing with notice where the injury apprehnded is the maikng of a judicial sale by a sheriff on a day advertised.

This case was decided by Division B.

Appeal from the Circuit Court for Alachua county.

The facts in the case are stated in the opinion of the court.

*Evans Haile,* for Appellant;

No appearance for Appellee.

MAXWELL, J.

The appellant, a married woman, filed a bill in the court below to restrain the appellee from selling under execution against her husband certain real estate which she claimed as her separate statutory property. A tempo-

rary injunction was granted. Answer and replication were filed, the latter on November 7th, 1898. On December 20th a motion by the defendant to dissolve the temporary injunction and dismiss the bill, which motion was supported by affidavits and documentary evidence, was granted by the court, and the complainant appealed from this decree.

As held in Baya v. Town of Lake City, 44 Fla., 491, 33 South. Rep. 400, "when application is made to dissolve a temporary injunction upon bill, answer and affidavits filed by the respective parties, the chancellor must be governed by the weight of the evidence, and unless it clearly appears that the ruling upon such motion is against the weight of the evidence it will not be reversed on appeal." In this case the evidence was sufficient to sustain the action of the court in dissolving the injunction, and this order will not be disturbed.

The further direction of the decree that the bill be dismissed was error. The cause had been at issue only six weeks and the time for taking testimony had not expired. The complainant had a right to a final hearing after full proofs, and the bill should not have been dismissed upon motion to dissolve based upon affidavits. Baya v. Town of Lake City, *supra*.

The injunction in this case was granted without notice to defendant, upon complainant filing an affidavit that such notice would accelerate the injury apprehended. Notice to the defendant should have been required, as such an affidavit can have no application to a case, the injury threatened is the making of a judicial sale on legal sale day as advertised by the sheriff.

The decree of the court below in dissolving the injunc-

tion granted in the cause will be affirmed, but in so far as it dismissed the bill of complaint it will be reversed, and it is so ordered.