AARON BLUTHENTHAL AND MONROE L. BICKART, PARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF BLUTHENTHAL AND BICKART, APPELLANTS, v. THEODORE MOHLMANN, APPELLEE.

<table>
<tr><td>49</td><td>275</td></tr>
<tr><td>51</td><td>459</td></tr>
<tr><td>49</td><td>275</td></tr>
<tr><td>53</td><td>986</td></tr>
</table>

1. When a bill alleges such facts as show that the complain-
   ants have rights in the use of a trade mark which is de-
   scribed in the bill, and that the defendant is using a trade
   mark resembling that of complainants in size of package,
   shape, color and appearance, and is actually selling his ar-
   ticle as and for that of complainants, and a demurrer to
   the bill is filed which of course admits such allegations, a
   bare inspection of the exhibits attached to the bill not nec-
   essarily doing away with the effect of the admitted allega-
   tions, it is erroneous upon a hearing of the demurrer to
   sustain the same and dismiss the bill.

2. Where it does not clearly appear that a chancellor's ruling, refusing a temporary injunction was against the weight of the evidence, such ruling can not be held to be erroneous.

This case was decided by Division B.

Appeal from the Circuit Court for Duval County.

### STATEMENT.

On May 28, 1904, the appellants Bluthenthal and Bickart filed their bill against the appellee Theodore Mohlmann, alleging in substance that they were manufacturers and dealers in whiskies and other spirituous liquors in the city of Atlanta, Georgia. and for three years last past have manufactured, bottled and sold a certain grade and brand of whiskey put up in a certain style of half pint clear white glass bottles marked and designed as follows: Blown in the glass of the back of said bottles the words *Bluthenthal & Bickart, B & B Fine Old Whiskey;* and a label with black ground white letters, yellow letters and golden yellow scroll work and trimming lines, is fixed on the other side, or front of said bottles, with the following words thereon: *Old Joe, V. O. S. Rye Whiskey, Bluthenthal & Bickart, Sole B. & B. Proprietors, Atlanta & Cincinnati,* and a picture of a human head and bust printed in black on a white ground on said label, a sample of which is attached marked "Exhibit A." Said bottles also have a small cork-screw attached to the neck thereof by a rubber band and a red label pasted along the neck of the bottle and over the cork therein, which label contains, printed in black letters, the words: *Bluthenthal & Bickart, Proprietors B & B. not genuine unless this seal is unbroken,* a sample of which label is hereto attached marked "Exhibit B."

2nd.   That the said peculiar package consisting of the bottle, &c., above described is and has been for three years last past a trade mark or device of  orators, their  own property, used by them in their business to designate the whiskey manufactured, put up in packages and sold by them exclusively; that orators have been extensively engaged in the sale of said whiskey under said trade mark, and by their diligent efforts and advertising said brand of whiskey have acquired a wide reputation and extensive demand for said whiskey by reason of its excellence and good quality.   Orators allege  they have  the  exclusive right to use said package with its label and other devices.

3rd.   That the defendant Mohlmann is engaged in business and is a dealer in wines and liquors in the city  of Jacksonville. and well knowing the rights of orators in and to the trade mark and device above described, and since orators exclusive rights were acquired, to-wit: since January 1st, 1903, and up to the present time in the city of Jacksonville, and elsewhere without orators consent, and in violation of their rights, fraudulently and unlawfully offered for sale and sold a so-called whiskey of inferior quality, not manufactured by or for orators, which has been put up and  contained in  bottles  resembling those used by orators in size, shape, color and appearance, and have attached to them in the same manner, and the same position on the front of the bottles a label with black ground, white letters and yellow and white letters and golden yellow scroll work and trimming lines, which label contains the following words and figures:   *Old Geo, 7 Year Old Pure Rye.   G. Muller & Co.,   Jacksonville, Fla.,* and also bears a picture of a human head printed in black on a white ground.   The said label is alleged to be of substantially same shape, size and color, and is gotten

up in the same style, and has the same general appearance. as the label used by orators. A sample of said label is attached to the bill. That for more closely copying orators package cork-screws identical in size, shape, quality and appearance with those attached to orators bottles, are attached to defendant's bottles. There is also a red seal or label similar in appearance to that used by orators, pasted over the corks.

Orators allege that the identical bottle of whiskey produced with this bill as "Defendants package" was actually sold by defendant on May 20, 1904, at his present place of business, Room No. 701, Main street, in the city of Jacksonville, aforesaid, as and for the whiskey of orators, and that defendant has sold a large number of other bottles of whiskey, in every way like it, as and for the whiskey of orators hereinbefore described, in violation of orators rights, and to their great loss and injury; that defendant when asked for "Old Joe Whiskey" has sold and furnished to customers whiskey contained in packages similar to that produced as "Defendants Package." That these acts of defendant constitute an unfair and fraudulent competition in business, are unlawful and inequitable and have the effect of great injury to orators and the public, and will be continued unless restrained. The bill prays for an injunction and for an accounting for loss of profits. The foregoing presents the substance of the bill.

On the hearing for a temporary injunction many affidavits were filed by the respective parties, in support of and denying the allegations of the bill. A temporary injunction was refused. A demurrer to the bill was then filed alleging as grounds, that the bill was without equity, and that the exhibits to the bill made a part thereof show on their face that the trade mark of complainants was not infringed by the trade mark of defendant.

On the hearing of the demurrer the court sustained it, and complainant announcing that they declined to amend the judge made an order dismissing the bill. An appeal is taken from the order denying the temporary injunction and also from the final decree dismissing the bill, and the assignments of error are predicated on these orders.

*Fleming & Fleming,* for Appellants.

*D. U. Fletcher* and *J. I. Hollingsworth,* for Appellee.

Hocker, J. *(After stating the facts.)*

We are of opinion that the allegations of the bill show that the appellants have rights in the exclusive use of the trade mark of their brand of whiskey called "Old Joe," described in the bill, and we are unable to say, in the face of the admission by the demurrer of those allegations, that a bare inspection of the exhibits affords sufficient proof to do away with the effect of those admitted allegations. The bill, among other things, alleges that complainants had established a right to use the devices upon the bottles containing the "Old Joe" whiskey as a trade mark, that the brand of the defendant resembled that of complainants in size of package, shape, color and appearance; and that the defendant is actually selling his brand of "Old Geo. Whiskey" as and for the whiskey of complainants, and that these acts of defendant constitute an unfair and fraudulent competition in business. These allegations are admitted by the demurrer. If it be true, as thus admitted, that there is such a resemblance as to enable the defendant to actually sell his brand of whiskey for that of complainants, we do not think it can be said the bill is without equity. El Modello Cigar Man. Co. v.

Gato, 25 Fla. 886, 7 South. Rep. 23; 28 Am. & Eng. Ency. Law (2nd ed.) 416; Leidersdorf v. Flint, 50 Wis. 400, 7 N. W. Rep. 252; American Trade-mark Cases (Price & Steuart) 176, 431. We think the court erred in sustaining the demurrer and dismissing the bill. In regard to the order refusing a temporary injunction we can not say that the chancellor erred. There was a great conflict in the affidavits of the respective parties, and it does not clearly appear that the chancellor's ruling refusing a temporary injunction was against the weight of the evidence. Baya v. Town of Lake City, 44 Fla. 491, 33 South. Rep. 400. The order sustaining the demurrer and the decree dismissing the bill are reversed, and the cause remanded for further proceedings.

TAYLOR and COCKRELL, JJ., concur.

WHITFIELD, C. J., and CARTER and SHACKLEFORD, JJ., concur in the opinion.