SUWANNEE & SAN PEDRO RAILROAD COMPANY, A CORPORATION, APPELLANT, v. WEST COAST RAILWAY COMPANY, A CORPORATION, APPELLEE.

1. A restraining order has for its object a temporary maintaining of the **status quo,** and a complainant in violating the spirit of such an order does not commend himself to a court of equity.

2. The granting, continuance and modification of temporary restraining orders are largely discretionary and the rights of the general public therein should be considered.

39 S. C.

3.  Where before the service of a restraining order, the defendant railroad company has perfected its crossing and upon the service the complainant railroad company proceeds with violence to tear up such crossing, and there is doubt as to the title and possession of the complainant to the locus in quo and public interest will be subserved, the order may be dissolved unless the status quo be restored and modified by permitting temporary crossing for construction purposes.

This case was decided by Division A.

Appeal from the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the Court.

*Roberson & Small,* and *S. S. Sanford,* for Appellant.

*Charles E. Davis, L. W. Branch* and *W. T. Hendry,* for Appellee.

COCKRELL, J.    A bill was filed by appellant against appellee praying that the appellee be required to enter into certain stipulations and agreements as to a joint crossing of the two roads, for an injunction until such stipulation and agreement be entered into, restraining the defendant from trespass or from constructing or attempting to proceed in the construction or operation of any crossing of its railway track over complainant's railway tracks and for general relief.

Upon an ex parte hearing a temporary restraining order was issued.    This was served on the defendant April 22, 1905.

The defendant answered, denying many material allegations of the bill, moved for a dissolution of the injunc-

tion upon several grounds and filed in support thereof its sworn answer and numerous affidavits. Affidavits were also filed by the complainant in opposition to the motion to dissolve. At the hearing it appeared that before service of the restraining order the crossing had already been laid and that the defendant company was proceeding with its track laying beyond the complainant's road and was driving piles and filling in a low place a short distance beyond, and that upon service of the restraining order the complainant had with violence torn up the crossing already so placed. The court thereupon entered an order that unless the *status quo* be restored within four days the injunction stood dissolved and that if the *status quo* be restored the defendant should be permitted to use the crossing for construction purposes and continued the hearing one week. From this order the appeal is taken.

As not infrequently happens in this class of cases, neither party has acted with christian forbearance, but both have relied on the might of numbers rather than on strictly legal remedies. The granting, continuing and modifying of temporary restraining orders are necessarily largely within the judicial discretion of the Chancellor and in cases like the one before us, the interests of the general public have weight. There is some conflict in the proof as to the nature of the possession of the respective parties over the *locus in quo* and there is a serious legal doubt as to the complainant's title. There was evidence before the court that the defendant's track was graded at this point before the complainant had done more than put up stakes to indicate its grade, and there was further evidence that the complainant had run this spur, not its main track, for the purpose of annoying the defendant rather than for any real present use; it was

further in evidence that the defendant company was extending its road into a section of the country much in need of railway facilities and was under heavy expense for its construction gang then and there ready to proceed with the road, and the statutes of this State regulate with such care the respective duties of intersecting railroads.

The case narrowed down seems to be a fight between two railroads as to which shall be liable to maintain the crossing; and upon the showing made it cannot be said that the equities preponderate in favor of the complainant. A restraining order seeks to maintain temporarily the *status quo* and where a complainant himself violates its spirit his action does not commend him to the conscience of the court.

The appellant cannot complain of the order made and it is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.