Weeks et al. v. Turner Lumber Co. et al.—Statement of Case.

JOSEPH S. WEEKS, SR., PETER L. WEEKS AND JOSEPH S.
WEEKS, JR., PARTNERS DOING BUSINESS UNDER THE FIRM
NAME OF J. S. WEEKS & SONS, APPELLANTS, v. J. C.
TURNER LUMBER COMPANY, A CORPORATION, AND LAZARUS
B. VARN, APPELLEES.

EQUITY PRACTICE—REQUISITES OF BILL FOR INJUNC-
TION TO STAY TRESPASS ON LAND—PERPETUAL IN-
JUNCTION TO RESTRAIN CONTEST OF TITLE.

1.  It is incumbent upon a complainant to allege every fact
    clearly and definitely in his bill that is necessary to
    entitle him to relief, and if he omits essential facts there-
    from, or states such facts therein as show that he is not
    entitled to relief in a court of equity, or that renders
    his right to such relief doubtful, he must suffer the con-
    sequences of his so doing.

2.  Where a bill for injunction to stay waste and trespass upon
    lands alleges that the defendant does the acts complained
    of under a claim of ownership of an undivided one-third
    interest in fee in the land, and fails to negative, dispute,
    explain or contest such claim, injunction should be
    denied; and in such a case it is error to perpetually
    restrain and enjoin the defendant from disputing or con-
    testing the title of the complainant to the land in contro-
    versy.

This case was decided by Division B.

Appeal from the Circuit Court for Hernando County.

STATEMENT.

The appellees as complainants below filed the following
bill in the circuit court of Hernando county against the

appellants as defendants below: "J. C. Turner Lumber Company, a corporation under the laws of the state of New York, having its principal place of business in the City of New York in said state of New York, and Lazarus B. Varn, of Hernando county, aforesaid, the complainants, by this their bill, complaining of J. S. Weeks, the elder, Peter L. Weeks, and Jos. S. Weeks, junior, of Hernando county, aforesaid, copartners in naval stores, operating under the firm name of J. S. Weeks and Sons, the defendants, respectfully show: That the defendants by their deed of conveyance dated the twentieth day of September, A. D. 1900, and duly recorded 13th November, A. D. 1900, conveyed, with covenant of general warranty, to J. C. Turner Cypress Lumber Company ( corporation under the laws of the state of New Jersey), and its assigns, forever, that certain tract of timber lands in Hernando county aforesaid situate, comprising all of section four (4), the southeast quarter of the northeast quarter, the southwest quarter of the northwest quarter, the west half of the southwest quarter and the southeast quarter of section five (5), the east half of section seven (7), all of section eight (8), the west half of section nine (9), all of section seventeen (17), the south half of section eighteen (18), all of section nineteen (19), the north half and the southwest quarter of section twenty (20), and the north half and the southwest quarter of section thirty (30), all in township twenty-three (23), south, of range seventeen (17), east, and containing four thousand eight hundred and forty-eight acres, be the same more or less, reserving and excepting, however, the right and privilege of turpentining any of the pine timber upon any of the said lands for a term of five years from the date of the said deed,

with the right of way for such purpose, as fully appears by a certified copy of said deed herewith filed as exhibit and marked 'exhibit A;' that the said J. C. Turner Cypress Lumber Company, thereafter, to wit,                    , 1906, assigned to J. C. Turner Lumber Company, a corporation under the laws of the state of New York, who is now the owner in fee of the said timbered lands, all interest and estate under the said deed, and the said J. C. Turner Lumber Company thereafter, to wit, sixth day of August, A. D. 1906, in consideration of five hundred dollars then paid and further amounts to be thereafter paid, granted, bargained and leased unto the complainant, Lazarus B. Varn, the pine timber upon the said lands from the said sixth day of August, A. D. 1906, until the first day of January, A. D. 1913; that the said complainant, Lazarus B. Varn, under and by virtue his said lease, entered upon the said lands to exercise his rights therein as the same are defined and granted by the deed of the said J. C. Turner Lumber Company, a certified copy of which is herewith filed as an exhibit and marked 'exhibit B,' but was opposed by the said J. S. Weeks and Sons, who pretend and claim to have an undivided estate of one-third interest in and to all of the said lands, and, disputing his rights under the said lease, refuse to let him into possession and have continued and are continuing wrongfully their operations upon the said timbered lands, taking and removing therefrom all the products of the pine trees thereon, to wit, the crude gum, therefrom, and obstructing, hindering and defeating the respective rights of the complainants in the premises, and creating doubt and distrust of the title of the said J. C. Turner Lumber Company and of the rights of the

said Lazarus B. Varn thereunder and under the conveyance of the defendants, to the confusion and disappointment of the business engagements of the complainant, Lazarus B. Varn, for operating force, and finances and disarrangement of the purposes and plans of the said J. C. Turner Lumber Company, and the injury of these complainants.

To the end, therefore, that the said defendants may, if they can, show cause why these complainants should not have the relief they pray, and may, according to the best of their knowledge, remembrance, information and belief, respectively, full, true, direct and perfect answer make, but not under oath, answer under oath being hereby expressly waived, to all and singular the matters and things herein set forth; and to the end that the defendants and each of them, their agents, servants and employees may be perpetually enjoined from all entry upon and passage over the said lands, and from all scraping, dipping, boxing, chipping, pulling or otherwise cutting or affecting any of the pine trees or other trees upon the said lands, and from dispute of the title and lease of the complainants respectively, and from opposing, obstructing, hindering, or in any way interfering with the possession of the complainants, or either of them, and that until determination of this cause, the defendants be in all this restrained, and that complainants may have such other and further relief as to the court seems meet."

Upon this bill on an *ex parte* application the court below granted a temporary injunction as prayed in the bill. The defendants subsequently moved to dissolve the injunction and to dismiss the bill on the grounds:

1st. Because the said bill contains no equities.

2nd. Because said bill shows that neither complainant is entitled to the remedy sought.

This motion was denied by the court below.

The defendants then demurred to the bill generally for want of equity; and, (2) because the allegations in said bill show that neither of complainants is entitled to the relief prayed; and, (3) because the facts set forth in said bill are not sufficient to warrant the court in decreeing the relief prayed; and, (4) because said bill is multifarious as to parties complainant; and, (5) because said bill joins parties complainant who have no joint, common, or community of interest in the subject matter of the relief prayed; and, (6) because said bill shows that the claimant of the lands mentioned, the J. C. Turner Lumber Company, has parted with its interest in the subject matter affected by this suit, and is not entitled to the relief prayed; and, (7) because the bill shows that the complainant, Lazarus B. Varn, does not claim to own the lands described, and is not entitled to the relief prayed.

Upon the argument of this demurrer the court below sustained the grounds thereof questioning the propriety of Lazarus B. Varn being retained as a party complainant to the bill and dismissed the bill in so far as said Varn is concerned, but overruled the demurrer upon the other grounds thereof. The defendants not pleading or answering, further decree *pro confesso* was entered by the clerk and on December 28th 1906, the court below rendered a final decree perpetually enjoining the defendants as prayed for in the bill, and enjoining the defendants from disputing the title of the complainants to the lands in controversy or the appurtenances thereof, or the assignees of the said complainants. From this decree the defendants

below appeal here, assigning said decree and all prior rulings in the cause for error.

*G. C. Martin,* for Appellants.

*Davant & Davant,* for Appellees.


TAYLOR, J. (*after stating the facts*) : The court below erred in granting the temporary injunction, and in overruling the demurrer of the defendants to the bill of complaint and in the rendition of the final decree in this cause. The bill is so vague and meagre in its allegations as not to entitle the complainant, the J. C. Turner Lumber Company, to the relief prayed or to any relief in a court of equity. It alleges that the lands mentioned in the bill were conveyed by deed by the defendants in the year 1900 to J. C. Turner Cypress Lumber Company, a corporation, and that said J. C. Turner *Cypress* Lumber Company, in 1906, *assigned* to the J. C. Turner Lumber Company, a corporation, who is now the owner in fee of the said timbered lands, all interest and estate under the said deed. The word *"assigned"* is not applicable to a conveyance of real estate, and though it is parenthetically and recitatively alleged that the said J. C. Turner Lumber Company is now the owner in fee of said timbered lands, yet when it is alleged that the J. C. Turner Cypress Lumber Co., to whom these lands had been conveyed by deed from the defendants, *"assigned* all interest and estate under the said deed to the J. C. Turner Lumber Co.," it is not equivalent to an allegation that the J. C. Turner *Cypress* Lumber Co. *conveyed* the fee in said lands to the J. C. Turner Lumber Co. The chief defect in the bill, however, is that

it alleges that when Varn, to whom the complainant, the J. C. Turner Lumber Co., leased for a term of years the right to extract the turpentine from the pine trees growing on said lands, entered thereon to exercise his right therein: "he was opposed by the defendants, who pretend and claim to have an undivided estate of one-third interest in and to all of the said lands, disputing his rights under said lease, refused to let him into possession and have continued and are continuing wrongfully their operations upon the said timbered lands," &c. Nowhere in the bill is this alleged *claim* by the defendants to a one-third undivided interest in said lands disputed or questioned or negatived, but for aught in the bill to the contrary the claim may be perfectly valid, just and proper, and if so, then the complainant, the J. C. Turner Lumber Co., or the J. C. Turner Cypress Lumber Co. and the defendants may be joint tenants of said lands, and the defendants, in such event, might not be amenable to the injunction as prayed herein at the suit of their co-tenant, but especially not so amenable at the suit of Varn, the lessee alone of their co-tenant. In the case of Johnson v. McKinnon, 45 Fla. 388, 34 South. Rep. 272, it is held that: "It is incumbent upon a complainant to allege in his bill every fact clearly and definitely that is necessary to entitle him to relief, and if he omits essential facts therefrom, or states such facts therein as show that he is not entitled to relief in a court of equity, he must suffer the consequences of his so doing." We do not think that the allegations of undisputed ownership by the complainant, the J. C. Turner Lumber Co., of the fee to the lands in controversy are so clearly and definitely stated in this bill as to entitle it to the relief prayed or to any relief in equity. Especially was it erro-

neous for the court below, in this cause and under the allegations of this bill, to restrain and enjoin the defendants from disputing or contesting the title of the complainants to the lands in controversy, since any legitimate contest over the title to said lands between the parties could not be settled or adjudicated in such a proceeding in equity. What has been said disposes of the case made so that we refrain at this time, from passing upon the question as to whether an owner of the fee to lands upon which timber is growing can rightfully invoke the protection afforded by the provisions of section 1469 Revised Statutes of 1892 (section 1919 Gen. Stats. of Fla. 1906), after he has leased to another party for a term of years the right to work the timber upon such lands for turpentine purposes. The final decree and all former interlocutory orders and decrees in said cause are hereby reversed at the cost of the appellees, with directions to sustain the demurrer of the defendants to the complainant's bill and for such further proceedings as may be consonant with equity practice.

HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.