ROBERT W. SIMMS, APPELLANT, v. WILSON D. PATTERSON, APPELLEE.

1. Upon an appeal from an interlocutory order or decree denying a temporary injunction or restraining order, such order or decree will not be reversed, unless it clearly appears that there has been an abuse of judicial discretion in such denial.

2. Upon the hearing of an application for a restraining order or temporary injunction upon the bill and affidavits in support thereof and counter affidavits of the defendant, an interlocutory decree denying such application will not be reversed by an appellate court, unless a clear abuse of judicial discretion is shown.

This case was decided by Division A.

Appeal from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the Court.

*John E. Hartridge & Son,* for Appellant.

*Bryan & Bryan, for Appellee.*

SHACKLEFORD, C. J.: The appellant filed his bill in chancery against the appellee in the circuit court for Duval county in which was sought both a temporary and perpetual injunction against the appellee. An application was made to the court below for a temporary in-

junction or restraining order, which was denied, and this appeal is taken from such interlocutory order. We deem it unnecessary to set forth the pleadings. Suffice it to say that the basis upon which the injunction was sought was the alleged violation of a contract for the personal services of the appellee made and entered into by and between the appellant and the appellee, which contract is set forth in the bill as follows:

"December the 28th, 1904.
Executed in duplicate.

W. D. Patterson, Jacksonville, Fla.

Dear Sir:— I hereby agree to employ you as salesman and shipping clerk in my wholesale liquor business in this city for a term of five years from May 1st, 1905, and pay you a salary of fifteen hundred dollars per year. The above on condition that you do not drink or gamble, and give your entire attention to my business in a satisfactory manner, and that you will not, before or after the expiration of this agreement, ever engage in the liquor business in Florida, or in any other state selling goods in Florida.          Yours truly,

(Signed)                          Robert W. Simms."

"The above proposition is hereby accepted this 28th day of December, 1904.

(Signed)                          W. D. Patterson."

Notice was given to the appellee of the time and place of the application for a restraining order against the appellee and the same came on to be heard upon the bill of complaint, exhibits thereto and affidavits in support thereof, and the affidavit of the appellee, in which it was averred in substance that the contract was first

broken by the appellant. The affidavit of another person was also filed by the appellee. The circuit judge made the following order:

"This cause coming on to be heard upon the application of the complainant for a temporary restraining order upon the sworn bill of complaint, and the affidavits filed in support thereof, and the affidavits of the defendant, and the same having been argued by counsel for the respective parties, it is ordered, adjudged and decreed that said application be and the same is hereby denied."

Three errors are assigned, but the sole question presented for our consideration is was error committed in the denial of the application for the temporary injunction?

Elaborate briefs have been filed both by the appellant and the appellee in which the validity of the contract, which we have copied above, is discussed, and quite a number of authorities have been cited to us. In view of the conclusion which we have reached, it is unnecessary for us to go into this matter. It is settled law in this court that both the granting and continuing of injunctions rests largely within the sound judicial discretion of the court, to be governed by the circumstances of the case, and that an appellate court will not interfere with the exercise of this judicial discretion, unless an abuse thereof is clearly made to appear. See Godwin v. Phifer, 51 Fla. 441, text 458, 41 South. Rep. 597, text 602, and authorities there cited. Bluthenthal v. Mohlmann, 49 Fla. 275, 38 South. Rep. 709, and McKinne v. Dickenson, 24 Fla. 366, 5 South. Rep. 34, will prove especially instruc-

tive. No abuse of judicial discretion has been made to appear to us, therefore the interlocutory order appealed from must be and the same is hereby affirmed.

COCKRELL and WHITFIELD, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.