J. D. SHAW, C. W. SINCLAIR, C. H. SMITH AND C. H. BURTON, PARTNERS AS CHERRY LAKE TURPEN-TINE COMPANY, *Appellants,* v. J. J. PALMER, R. H. PALMER AND A. SMITH, PARTNERS AS PALMER & SMITH, *Appellees.*

1. Where the answer denies the equities of the bill of complaint, of where the bill and accompanying evidence are fully met by the answer and its accompanying evidence, an order dissolving an injunction previously issued will not ordinarily be disturbed.

2. Wide judicial discretion rests in the court in the granting, denying, dissolving or modifying injunctions, and where the evidence taken by the court in person is sufficient to warrant the action of the court the appellate court will not interfere where no abuse of discretion appears.

This case was decided by Division A.

Appeal from the Circuit Court for Madison County.

The facts in the case are stated in the opinion of the court.

*Hardee & Rowe* and *Charles E. Davis,* for appellants;

*T. L. Clarke* and *C. B. Ashley,* for appellees.

WHITFIELD, J.—On March 11, 1907, the appellants by virtue of the provisions of section 1919 of the General Statutes of 1906, procured in the circuit court for Madison county a temporary injunction restraining the appellees collectively or individually either for themselves or for others, and either in person or by servants or agents from dipping or removing turpentine from the boxes in the trees on certain described land in Madison county, Florida, being the S. 1-2 of S. E. 1-4 and N. 1-2 of S. W. 1-4 24-1-8 N. & E., the acts of trespass being alleged to have been done "without any valid right, title or interest in the said lands." The court at the same time made an order that defendants show cause why the injunction should not be continued until the further order of the court. In their answer under oath, the oath not being waived, the appellees as defendants admit that they are working the timber on the land for turpentine purposes and "aver that they did what is complained of by the complainants' leave, and under an oral license given by complainants for a full and valuable consideration;" aver that in January, 1906, for their mutual convenience the complainants and the firm of J. J. and R. H. Palmer entered into an oral agreement whereby the complainants were to cut, box and work for turpentine, for the period of three (3) years from cutting the pine timber upon certain lands on which J. J. and R. H. Palmer owned turpentine privileges and

turpentine leases in timber, which lands are adjacent to complainants' stills, and the defendants J. J. Palmer and R. H. Palmer were to cut, box and work for the same time an equal number of boxes in the timber owned or controlled by complainants and situated adjacent to or near the location of defendants' stills; that in and by said agreement it was expressly stipulated and agreed that defendants J. J. Palmer and R. H. Palmer should box and work for turpentine, the timber growing on the lands described in the bill of complaint; that under the oral agreement complainants entered upon and cut and boxed for turpentine the timber on the above mentioned land the turpentine privileges upon which were owned as aforesaid by J. J. Palmer and R. H. Palmer, and cut and worked during the last season and are still working the turpentine boxes on the said lands to the number of 7,930 as reported to defendants by complainants; that against the consent of the defendants and in violation of the spirit of the agreement aforesaid complainants during the past year boxed and worked a large quantity of timber controlled by complainants situated near and most conveniently to the defendants' location, and thereby deprived defendants of the right and privilege of working said timber in exchange for the timber of the defendants boxed and worked as aforesaid by the complainants; that by leave of complainants under the oral agreement and license aforesaid, the defendants about December 15, 1906, commenced to box for turpentine the timber on the lands described in the bill of complaint, and continued said boxing and finished the boxing thereon about the middle of January, 1907, cutting thereon boxes to the number of 5,073, and that defendants entered upon said lands and cut the said boxes and dipped the turpentine therefrom in a peaceable and open manner while complainants' tenants were farming a

portion of these lands, and their servants and agents were working in the vicinity, without protest from complainants until just prior to the filing of their bill.   Defendants deny that they are trespassers or that the acts complained of were a trespass upon the property or rights of complainants, and deny that the complainants have been damaged or injured by the acts complained of, and aver that the said timber was boxed as aforesaid by defendants in good faith under the license given by the aforesaid oral agreement, and the complainants have received from the defendants far more than the "actual value of the turpentine done by" defendants on the lands mentioned in the bill of complaint.

Testimony was taken by the court, and on April 10, 1907, the injunction was discontinued, vacated and dissolved.   Complainants took an appeal to the present term of this court from the order dissolving the injunction.

Errors are assigned as follows:   (1) Overruling complainants' objection to the evidence of A. E. Fraleigh as to parol agreement between himself and West & Townsend; (2) holding that parol license is transferable and that J. J. & R. H. Palmer might transfer the same to defendants who might cut the timber under the lease; (3) dissolving the injunction; (4) dissolving the injunction as to the lands in S. E. 1-4 of S. E. 1-4 of 24-1-8, N. & E.

The complainant put in evidence a lease from A. E. Fraleigh and wife to West & Townsend which purports to lease certain lands for turpentine purposes for three years from the boxing of the timber.   The testimony of Mr. Fraleigh, a witness for the defendants, as to his attitude towards the lease, objected to by complainant on the ground that it was not pertinent, cannot be said

to be wholly irrelevant in view of the whole case, therefore the first assignment of error fails.

The injunction prayed for and issued was against the defendants collectively or as individuals either for themselves or for some one else, and either in person or through agents and servants. The order of the court required the defendants to show cause why said injunction should not be continued. If the showing made justified the court in dissolving the injunction as issued, the complainants are in no position to insist that the equities shown by the defendants do not extend to all the land in question, or do not enure to the benefit of all the defendants.

The answer admits the acts complained of, but denies the right of complainants to the injunction, and sets up equities in at least two of the defendants which if sustained by the proofs would warrant a dissolution of the injunction as issued. Where the answer denies the equities of the bill, or where the bill and accompanying evidence are fully met by the answer and its accompanying evidence, an order dissolving an injunction previously issued will not ordinarily be disturbed. See Indian River Steamboat Co. v. East Coast Transp. Co., 28 Fla. 387, 10 South. Rep. 480; Sullivan v. Moreno, 19 Fla. 200; Section 1916 General Statutes of 1906; Godwin v. Phifer, 51 Fla. 441, 41 South. Rep. 597.

The proofs adduced at the hearing to show cause why the injunction as prayed for should not be continued are not entirely complete and convincing, but they are of such a character that the trial court cannot be said to have abused the discretion it exercised in dissolving the injunction as originally issued. Wide judicial discretion rests in the court in the granting, denying, dissolving or modifying injunctions and where the evidence taken by the court in person is sufficient to

warrant the action of the court the appellate court will not interfere where no abuse of discretion appears. Simms v. Patterson, 53 Fla. 984, 43 South. Rep. 421.

The order appealed from is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.