LEONILLA BAKER, *Appellant,* v. L. M. McKINNEY, *Appellee.*

1.  While under section 1919 of the general statutes of Florida it is the duty of the courts of chancery in the state to entertain suits by any person claiming to own any timbered lands in this state to enjoin the trespasses stated in the statute, it is essential that necessary facts showing the basis of the claim to ownership of the land by the complainant be stated in the bill of complaint.

2.  It is encumbent upon a complainant in a bill in chancery seeking an injunction to allege clearly and definitely every fact that is necessary for the relief. The allegation of opinions or legal conclusions will not suffice.

3.  When a bill of complaint seeking an injunction against trespassers on lands shows the title to the land to be in another person as manager, and there is no allegation that the complainant furnished the purchase money, or of any other fact showing the right or interest of the complainant in the land, a temporary injunction is properly denied.

This case was decided by Division A.

Appeal from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

*W. S. Broome,* for the appellant;

*Horatio Davis,* for the appellee.

WHITFIELD, J.—On March 16th, 1907 the complainant, a married woman, filed in the circuit court for Alachua county a bill in equity against L. M. McKinney alleging, in substance, that complainant is the owner in fee simple and since January 1st, 1907, has been in possession of certain described timbered land in Alachua county, Florida; that complainant acquired said land by purchase from Ida E. Burnett and S. J. Burnett, her husband, on December 8, 1906; that on said date Ida E. and S. J. Burnett made and executed a warranty deed conveying said land to P. H. Baker, as manager, which deed was duly recorded December 10th, 1906; that said land is wild, uncultivated, unimproved and unoccupied; that while said conveyance of the land was made to P. H. Baker, as manager, yet in fact and in truth the said P. H. Baker, who is complainant's husband, holds the title to said land in trust for complainant who is the real and true owner of the said land; that at the time complainant purchased said land there was a lease of the pine timber situated thereon made and executed by S. J. Burnett and wife to the defendant herein, L. M. McKinney, for turpentine purposes; that said lease expired and ended on January 1st, 1907; that after said last day the defendant had no right or interest of whatsoever kind in or to the land or the timber situated thereon; that defendant has in his employ a large number of hands and laborers in the operation of his turpentine business in close proximity and near to said land;

that defendant has within the last few days and long since complainant has been in possession of said land, trespassed upon said land, and with a large force of hands has dipped and removed, and still is dipping and removing the turpentine gum from the trees upon said land; that defendant refuses to abstain from said trespass, and refuses to stop dipping and removing the turpentine from the pine trees growing thereon; that the land is chiefly valuable for the pine timber growing thereon, and that such timber constitutes the chief and only real value of the land; that complainant purchased the land because of the pine timber situated upon it, and for the purpose of using said timber for the making of turpentine in the turpentine business in which complaniant is enagged near the land; that defendant positively refuses to stop interfering with the pine timber situated upon the land by the removal of the turpentine therefrom; that defendant has declared his intention to continue to use said timber for the purpose of making turpentine until the end of the present year; that unless restrained and enjoined by the court, defendant will continue to take and remove the turpentine from said timber, as threatened, and to scrape said trees to the irreparable wrong and injury of complainant; that since January 1st, 1907, defendant has no right, title, interest or claim of any kind in the land or the timber situated thereon; that defendant is a willful trespasser upon the said land of complainant; that defendant has removed about all the turpentine that has accumulated in the boxes cut upon said trees situated on said land, within the last few days; that within the next week or ten days, or perhaps two weeks or thereabouts, there will be sufficient turpentine accumulated in the boxes cut in said trees to be dipped again and unless the defendant is restrained by an or-

der of the court enjoining and restraining him, his agents, servants and employes from dipping and removing the same, he declares his intention to enter upon the land and to remove and dip the turpentine at any time when there is a sufficient quantity to be dipped. The prayer is for an injunction to restrain defendant, his agents, servants and employes from trespassing upon said land by cutting the trees thereon, removing the logs therefrom, boxing or scraping said trees for the purpose of making turpentine, or removing the turpentine therefrom, and for an accounting. The oath to an answer is waived in the bill. A copy of the deed from Ida E. Burnett and S. J. Burnett to P. H. Baker, as manager, is attached as an exhibit.

On the application for temporary injunction the defendant filed a demurrer to the bill of complaint on grounds that: there is no equity in the bill and that the bill fails to show that complainant has an interest in the subject matter of the suit and title to sue concerning such subject matter. At the same time the defendant filed an answer, and the complainant filed a number of affidavits in support of the application.

The application for temporary injunction was denied on March 21st, 1907, and complainant took an appeal to the present term of this court assigning as error the order denying a temporary injunction upon bill, answer, demurrer and affidavits.

Sections 1723 and 2592 of the General Statutes of 1906, authorize a married woman to bring suits or actions for or concerning her real estate, without joining her husband or next friend.

Section 1919 of the General Statutes of 1906 provides that "courts of chancery shall entertain suits by any person claiming to own any timbered lands in this state to enjoin trespass on such lands by the cutting

of trees thereon, or the removing of logs therefrom, or by boxing or scraping the said trees for the purpose of making turpentine, or by the removal of turpentine therefrom."

While under the latter statute it is the duty of courts of chancery to entertain suits by any person claiming to own any timbered lands in this state to enjoin the trespassers stated in the statute, it is essential that necessary facts showing the basis of the claim to ownership of the land by the complainant be stated in the bill of complaint. It is incumbent upon a complainant in a bill in chancery seeking an injunction to allege, clearly and definitely, every fact that is necessary for the relief. The allegation of opinions or legal conclusions will not suffice. See Weeks v. Turner Lumber Co., 53 Fla. 793, 44 South. Rep. 173; Godwin v. Phifer, 51 Fla. 441, 41 South. Rep. 597; Johnson v. McKinnon, 45 Fla. 388, 34 South. Rep. 272. See, also, Cowen v. Skinner, 52 Fla. 486, 42 South. Rep. 730.

The bill of complaint in this case alleges that complainant purchased the land, is the owner in fee simple thereof, and since January 1st, 1907, has been in possession of it; that the grantors executed a warranty deed to P. H. Baker, as manager; that P. H. Baker is the husband of complainant; that in fact and in truth P. H. Baker holds the title to said land in trust for complainant; that complainant is the real and true owner of said land; that said land is wild, uncultivated, unimproved and unoccupied; that when complainant purchased the land there was a lease of the pine timber situated thereon, executed by complainant's grantors to defendant for turpentine purposes; that said lease expired and ended January 1st, 1907, and the said defendant has no right or interest of whatsoever kind in or to the land, or to any of the timber situated thereon.

The copy of the deed conveying the land from Ida E. Burnett and S. J. Burnett her husband to P. H. Baker, as manager, contains nothing to show any interest of the complainant in the land. The demurrer raises the question of the sufficiency of the allegations as to complainant's interest in the land. The allegations that complainant is in possession of the land, that P. H. Baker holds the title to said land in trust for complainant and that complainant is the real and true owner of said land are mere opinions or conclusions of law. While the trustee of a bare legal title may not be a necessary party to the suit where the real party in interest is the complainant, yet in order to sustain the right to sue the real party in interest should clearly and positively allege the facts which constitute the interest giving the right. The allegations of the bill of complaint and the exhibit show the title to the land to be in P. H. Baker, as manager, and there is no allegation that the complainant furnished the purchase money, or of any other fact showing the right or interest of the complainant in the land. The demurrer questions the sufficiency of the allegations as to complainant's interest in the land, and since the allegations are insufficient in this particular, a temporary injunction was properly denied. It is not necessary to consider the answer and the affidavits presented with the application for injunction.

The decree is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.