THE BUILDERS SUPPLY COMPANY, A CORPORATION, *Appellant*, v. J. W. ACTON, J. W. ACTON, MANAGER OF THE DELRAY CANNING COMPANY, THE E. O. PAINTER FERTILIZER COMPANY, A CORPORATION, AND E. O. PAINTER, *Appellees*.

1. When an application is made to the court for a temporary injunction or restraining order, without notice to the defendant, the allegations of the bill should be even more carefully scanned and considered than when the defendant has been served with notice and has the opportunity of resisting the application. Before granting a temporary injunction or restraining order, without notice, the court should be satisfied that a clear case therefor is made by the bill, and also that it has clearly been made to appear that it is a case of urgent necessity and one in which irreparable mischief or injury will be produced, if the aid of the court is denied.

2. If it is plainly apparent that the bill is without equity, an injunction should not be granted in the first instance, but, if granted, should be dissolved at the earliest opportunity by the court and the bill ordered dismissed.

3. Both the granting and continuing of injunctions rest largely within the sound judicial discretion of the court, to be governed largely by the facts and circumstances of each particular case, and an abuse of such discretion must be made to appear to an appellate court to warrant it in disturbing such orders.

4. Where a temporary injunction has been granted by a Court Commissioner, without notice to the defendant, and the same is dissolved by the court, after argument by the respective council, and an appeal is taken from such interlocutory order, it is incumbent upon the appellant to make it clearly appear to the appellate court that there has been an abuse of judicial discretion, every presumption being in favor of the correctness of the ruling of the court below.

5. Where the only relief sought by a bill in chancery is the restraining the further prosecution of an action instituted in the county judge's court for the removal of complainant from a certain building and the discovery of certain matters from the defendants thereto, there being no general prayer, to warrant the granting of such restraining order, the allegations of the bill must be full, clear and specific and facts must be stated, not opinions or legal conclusions.

6. In matters of fraud, courts of law have jurisdiction as well as courts of equity and to warrant the granting of a temporary injunction on the ground of fraud it must be made to appear that the alleged fraud is of such a complex or peculiar nature as to require the interposition of a court of equity.

7. Where an appeal is taken from an interlocutory order dissolving an injunction, answers of the defendants which were filed after the making of such order and which were not before the court at that time, cannot be considered on appeal, even though they are copied in the transcript.

This case was decided by Division A.

Appeal from the Circuit Court for Dade County.

The facts in the case are stated in the opinion of the court.

*Hudson & Boggs*, for appellant.

*Geo. M. Robbins, Stewart & Bly*, for appellees.

SHACKLEFORD, C. J.—On the 16th day of April, 1908, the appellant filed its bill in chancery, in the Circuit Court for Dade County, against the appellees. A temporary injunction or restraining order was obtained from a Court Commissioner, without notice to the defendants, by the complainant against the defendants restraining the further prosecution of a certain action which had been instituted in the County Judge's court for Dade County by J. W. Acton, manager of the Delray Canning Company, against the complainant, "seeking to remove the complainant, the Builders' Supply Company, from a certain building," which is described, and further restraining all the defendants "from molesting the complainant in any manner, by legal proceedings or otherwise, in the peaceful and quiet possession of the premises in question until the hearing of the cause or the further order of the court." The defendants, J. W. Acton and J. W. Acton, manager of the Delray Canning Company, filed a motion to dissolve such temporary injunction upon various grounds, two of which were to the effect that the bill was wanting in equity and that it showed upon its face the complainant had a full and complete remedy at law. After a hearing of the cause upon such motion and argument by the respective counsel, the Circuit Judge made an order dissolving the temporary injunction. From this interlocutory order the complainant entered an appeal to this court, and the sole point presented to us for determination is whether or not the court erred in making such order.

As to the principles of law governing the granting of temporary injunctions or restraining orders, especially where no notice has been given to the defendants of the time and place of the application therefor, see Godwin v Phifer, 51 Fla. 441, 41 South. Rep. 597, and author-

ities therein cited.   Also see Hall v. Horne, 52 Fla. 510, 42 South. Rep. 383; Simms v. Patterson, 53 Fla. 984, 43 South. Rep. 421; Savage v. Parker, 53 Fla. 1002, 43 South. Rep. 507; Weeks v. J. C. Turner Lumber Co., 53 Fla. 793, 44 South. Rep. 173; Baker v. McKinney, 54 Fla. 495, 44 South. Rep. 944; Shaw v. Palmer, 54 Fla. 490, 44 South. Rep. 953.   As was held in these cases, if it is plainly apparent that the bill is without equity, an injunction should not be granted in the first instance, but, if granted, should be dissolved at the earliest opportunity by the court.   As is also held therein, both the granting and continuing of injunctions rest largely within the sound judicial discretion of the court, to be governed largely by the facts and circumstances of each particular case.   Where a temporary injunction has been dissolved by the court, after argument by the respective counsel, and an appeal is taken from such interlocutory order to this court, it is incumbent upon the complainant to make it clearly appear that there has been an abuse of this discretion.   This is in line with the principle so often decided by this court that it is the duty of a party resorting to an appellate court to make the errors complained of clearly to appear, every presumption being in favor of the correctness of the rulings of the trial court.   Ropes v. Stewart, 54 Fla. 185, 45 South. Rep. 31, and authorities there cited.

Turning to the bill, we find that the allegations therein which form the basis for the relief sought, in brief, are that, upon the first day of March, 1907, a verbal lease was entered into between J. W. Acton, manager of the Delray Canning Company, and the E. O. Painter Fertilizer Company, whereby the said Acton leased to the Painter Fertilizer Company the premises in question, that in taking such lease the Painter Fertilizer Company was acting for and on behalf of complainant, which

fact was known at the time to said Acton; that the Painter Fertilizer Company entered into possession of the premises and forthwith delivered the same to complainant at an agreed rental of $50.00 per month; that complainant had faithfully complied with all of its agreements and had paid the monthly rental up to the first of March, 1908; that complainant was informed and believed, on or about the first day of August, 1907, the said Acton and Painter Fertilizer Company entered into a written lease for such premises, but complainant was not a party thereto and was not at that time advised of such lease or that any change was made or contemplated in the existing arrangement; that during the month of August, 1907, it was notified by the Painter Fertilizer Company that a written lease had been secured for one year, "but that nothing was said to indicate that any change was made or contemplated in the existing arrangement other than that the complainant was thereby led to believe that the written lease held by the E. O. Painter Fertilizer Company would run for one year from the month of August, 1907. And thereafter the complainant and the defendant E. O. Painter Fertilizer Company entered into an agreement to endure for one year, whereby the complainant undertook to store certain fertilizers and fertilizing materials—the property of the said E. O. Painter Fertilizer Company—in its said packing house, in consideration whereof the said E. O. Painter Fertilizer Company agreed to pay one-fourth of the rental of the said packing house, to-wit: the sum of twelve and 50-100 dollars per month toward the satisfaction of the said rental." That complainant, relying upon the agreement so made with the Painter Fertilizer Company and believing "that it was safe in its tenure of said premises up to the first day of August, 1908," purchased and agreed to purchase large quantities of

crate material for packing fruit and vegetables, and made and entered into agreements with sundry persons whereby it bound itself to furnish crates, crate material and fertilizer to them at various times during the months of May, June and July, 1908, and incurred liabilities and obligations to the amount of $20,000, and that the continued use and possession of the premises is necessary in order to enable it to fulfill the same. That on or about the 2nd day of February, 1908, complainant received a letter from the Painter Fertilizer Company stating that J. W. Acton had served notice on it to quit and deliver possession of the premises on or before midnight of the 29th of February, 1908, a copy of which notice was enclosed; that, notwithstanding the representations and remonstrances of complainant, the Painter Fertilizer Company refused to take proper steps to protect complainant, but itself on the 6th day of March, 1908, served notice on complainant to vacate on or before the 23rd day of March, 1908, and also caused proceedings to be instituted in the County Judge's court for the removal of complainant from the premises, which complainant succeeded in quashing, and thereafter the Painter Fertilizer Company had another notice served upon complainant to deliver possession by the 30th day of April, 1908, and the said Acton instituted proceedings in the County Judge's court to remove complainant as well as the Painter Fertilizer Company from the premises, which case was set for trial on the 16th day of April, 1908. The bill charges fraud and collusion between the defendants and alleges that if the case should come to trial on the 16th day of April, 1908, it would have no means of procuring the testimony of E. O. Painter, who was not in Dade county, and, without his testimony, could not prove its defense. The bill seeks discovery from both Painter and Acton, requiring them to specifi-

cally set forth certain information alleged to be peculiarly within their respective knowledge, but the oath to their answers was expressly waived. In addition to discovery, the only relief sought was an injunction restraining the proceedings in the County Judge's court. There is no general prayer.

As has been enunciated by this court in several decisions, as a reference to the authorities already cited will show, it is incumbent upon a complainant to allege in his bill every fact, clearly and definitely, that is necessary to entitle him to relief; and if he omits essential facts therefrom, or states such facts therein as show that he is not entitled to relief in a court of equity, he must suffer the consequences of his so doing. This principle applies to all bills in equity, but is especially applicable to bill seeking an injunction, the rule being that the title or interest of the complainant and the facts upon which he predicates his prayer for such relief must be stated positively, with clearness and certainty. The bill must state facts and not opinions or legal conclusions. So far as the question of fraud is concerned, courts of law have jurisdiction as well as courts of equity, and it does not appear from the bill that the fraud was of such a complex or peculiar nature as to require the interposition of a court of equity. As to the matter of discovery, it is not made to appear that any attempt was made by complainant to secure the personal presence of Painter as a witness at the trial, or, failing in securing his attendance, that his deposition could not have been taken. Upon a proper and sufficient showing, the County Judge doubtless would have granted a postponement or continuance in order that the testimony of such absent witness might be obtained. Looked at from whatever view-point, we fail to see the equities in the bill entitling the complainant to a temporary injunction, and consequently are of the

opinion that the order dissolving the same was proper.

Certain answers of the defendants are copied in the transcript, but, as they were filed after the making of the order from which the appeal was taken and were not before the court at the time of the making of such order, they are not properly before us for consideration.

Order affirmed.

Cockrell and Whitfield, JJ., concur.

Taylor, Hocker and Parkhill, JJ., concur in the opinion.