C. W. SINCLAIR, *Appellant;* v. HENRIETTA HORNSBY, *et al., Appellees.*

1. Where a permanent injunction is properly granted it may not be necessary to consider the propriety of the action of the court in granting the preliminary temporary injunction.

2. General allegations of title to lands may be sufficient in a proceeding for injunction when they are not qualified or otherwise rendered insufficient by other allegations in the pleading.

3. Where in a proceeding to enjoin trespass upon lands it is alleged that the complainant is the owner in fee simple and in possession of the land, and the particular muniments of title are not alleged as the basis of the right of action, title by decent or by devise may be shown.

This case was decided by Division A.

Appealed from the Circuit Court for Madison County.

The facts in the case are stated in the opinion of the court.

*Hardee & Rowe,* for Appellant;

*Hendry & McKinnon,* for Appellees.

WHITFIELD, C. J.—The bill in equity herein alleges in effect that the complainants, "heirs of the estate of Israel Kendrick, deceased," are the owners in fee simple and are in possession of certain described lands and of the timber thereon, "but the defendant C. W. Sinclair has a lease (from complainants) on said pine timber for the purpose of working the said pine timber for turpentine purposes for a period of three years, said lease expiring

on the first day of January, A. D. 1910, but for no other purpose whatever;" that said C. W. Sinclair is cutting the trees and removing the logs from the lands without any right or authority; that the chief value of the lands is the timber thereon and the removal of the timber is an irreparable injury.

An injunction against cutting and removing the timber was prayed and granted. A demurrer to the bill was overruled and the answer of the defendant in substance denies that the complainants are the owners in fee simple and in possession of the lands or the timber thereon; and aver that the defendant was cutting and removing the timber by virtue of authority from Eli Young and Elizabeth Young, the alleged owners, given by a deed attached as an exhibit. A replication was filed and testimony was taken. The court granted a permanent injunction and the defendant appealed.

If the permanent injunction was properly granted, it will not be necessary to consider the contention that the temporary injunction was erroneously granted without notice.

General allegations of title to lands may be sufficient when they are not qualified or otherwise rendered insufficient by other allegations in the pleading. See West Coast Lumber Co. v. Griffin, 54 Fla., 621, 45 South. Rep., 514; Baker v. McKinney, 54 Fla., 495, 44 South. Rep., 944.

There are general allegations of ownership and possession of the lands by the complainants, and of no right in the defendant, and there is no allegation of a conflicting claim of ownership or right by the defendant, and no statement of the sources and muniments of the complainant's title that are insufficient to sustain the general allegations of ownership and possession by complainant. The recitation that the complainants "heirs of the estate

of Israel Kendrick, deceased," bring the bill, is as used *descriptio personae,* and does not qualify or render insufficient the general and comprehensive allegation that the complainants "are the owners in fee simple" of the land and the timber. Nor is the claim of ownership as made in the bill expressly based upon heirship so as to make the bill demurrable because the facts making the complainants the heirs of their predecessor in title are not stated as required by the rules of pleading. Any sources and muniments of the complainants' title may be shown in evidence under the general allegation of ownership in this case. The allegations of the bill of complaint if proven are sufficient to sustain the injunction, and the demurrer was properly overruled.

Title in the complainants was shown through patents from the United States to James McNeill and a conveyance from the heirs of the patentee to Israel Kendrick, deceased, who was the father of three of the complainants and of the deceased wife of the fourth complainant. By will Israel Kendrick left his property to his four daughters, three of whom are complainants and the surviving husband and only heir of the fourth daughter is the other complainant. Even if there were any merit in the contention that the complainants do not take the lands as devisees of Isreal Kendrick because of alleged defects in the will and its probate, or for other reasons, it appears that three of them are his descendants by a slave cohabitation and that the fourth is the heir of another presumably legitimate daughter, to all of whom the title descended. See Christopher v. Mungen, decided at this term. The fact that the bill did not sufficiently allege heirship did not prevent it from being shown in evidence under the general allegations of ownership.

The defendant showed no valid right to cut and remove

the timber, it not being shown that Eli Young and Elizabeth Young had any right to give the defendant the authority claimed in his answer.

The decree is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.