ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, *Appellant*, v. L. O. FEAGIN, *Appellee*.

En Banc.

Opinion Filed June 24, 1925.

1. Two conditions must concur to give a court of equity jurisdiction to enjoin a mere trespass on real property; first, the complainant's title must be admitted or legally established; and second, the trespass must be of such a nature as to cause irreparable damage not susceptible of complete pecuniary compensation.

2. The inadequacy of the legal remedy is the foundation and indispensable prerequisite for the interposition of chancery in a suit to enjoin a threatened trespass upon real property.

An Appeal from the Circuit Court for Polk County; John S. Edwards, Judge.

Reversed.

*Kelly & Sutton,* for Appellant;

*Lee J. Clyatt,* for Appellee.

WEST, C. J.—This appeal is from two interlocutory orders, one granting a temporary restraining order, the other denying a motion to dissolve the restraining order.

The allegations of the bill summarized are that the complainant is the owner and in the possession of certain described lands which are traversed by and subject to an easement in the nature of a right-of-way which is actually occupied by the defendant; that the defendant is preparing to and actually engaged in extending its fence enclosing its right-of-way so as to embrace within it a strip of land 100 feet wide on each side of the center of its track, thereby appropriating a strip of complainant's land lying on "either" side of the track, together with a valuable and expensive road constructed by complainant and shade and fruit trees planted along such road. By amendment it is alleged that the defendant pretends to have some title to the land it is attempting to take possession of, the exact nature of which is unknown to complainant, but it is alleged to be without foundation in law or equity.

The prayer is for a restraining order enjoining defendant from interfering with complainant's possession and title, from changing the location of defendant's fence as to take

possession of any of complainant's lands, to require it to disclose the nature and extent of any such right or title claimed by it to the premises, and for general relief.

The bill contains an allegation that no immediate remedy is afforded for the alleged injury. There is no allegation that complainant is without an adequate remedy at law or that it would suffer irreparable injury as a result of the alleged trespass.

The motion to dissolve was upon various grounds.

The rule in this jurisdiction is that two conditions must concur to give a court of equity jurisdiction to enjoin a mere trespass on property; first, the complainant's title must be admitted, or legally established; and second, the trespass must be of such a nature as to cause irreparable damage, not susceptible of complete pecuniary compensation. The inadequacy of the legal remedy is the foundation and indispensable prerequisite for the interposition of chancery in such cases. Indian River Steamboat Co. v. East Coast Trans. Co., 28 Fla. 387, 10 South. Rep. 480; Carney v. Hadley, 32 Fla. 344, 14 South. Rep. 4; Woodford v. Alexander, 35 Fla. 333, 17 South. Rep. 658; Weeks v. Turner Lbr. Co., 53 Fla. 793, 44 South. Rep. 173; Charlotte Harbor, etc. Co. v. Lancaster, 70 Fla. 200, 69 South. Rep. 720.

Within the rule frequently reiterated by this court, the allegations of the bill are obviously insufficient to warrant the interposition of a court of equity in the way of injunctive relief, so the orders appealed from are reversed.

Reversed.

WHITFIELD, TERRELL AND STRUM, J. J., concur.