PEARSON, Chief Judge.
The Florida Association of Dispensing Opticians filed a complaint pursuant to Chapter 86, Fla.Stat. (1967), F.S.A., seeking a declaration that the members of the Association are authorized by §§ 484.01 [1] and 484.02[2], Fla.Stat. (1967), F.S.A., “to *738 engage in the practice of preparing and fitting contact lenses” and praying the circuit court to “permanently enjoin the defendant, FLORIDA STATE BOARD OF OPTOMETRY, from any activities aimed at stopping the preparing and fitting of contact lenses by the licensed dispensing opticians of this state when done in compliance with Florida Statute Chapter 484.01 and 484.02 [F.S.A.].” The Board’s answer denied that Chapter 484 gives “opticians the powers to * * * fit, adapt or adjust contact lenses” and by way of counterclaim prayed the court, among other things, to enjoin the members of the Association from fitting contact lenses “without the physical presence and personal supervision of a licensed optometrist or licensed physician * * In its final judgment the court ruled
“[tjhat a dispensing optician has the statutory right to sell contact lenses pursuant to Florida Statute 484.01 [F.S.A.], but a dispensing optician has no statutory right under Chapter 484. F.S. [F.S.A.] to insert, fit, adapt or adjust contact lenses to the eyes of an individual. Only a licensed physician or a licensed optometrist has the statutory right under the laws of Florida to- insert, fit, adapt, or adjust contact lenses to the eyes and face of a patient”
and in addition sua sponte dismissed the Board’s counterclaim. The Association appeals from the ruling adverse to it, and the Board cross-appeals from the ruling dismissing its counterclaim. We affirm in its entirety the final judgment appealed from.
The appellant Association argues first that the term “optical devices” as used in §§ 484.01 and 484.02 names a class of things, that one member of the class “optical devices” is contact lenses, and that therefore the last sentence of § 484.01 grants licensed opticians the authority to fit and adjust contact lenses to the eyes of human beings. It argues next that since § 484.02 specifies activities licensed opticians are forbidden to engage in, the doctrine that the expression of one thing is the exclusion of another leads to the conclusion that § 484.02 implicitly grants licensed opticians authority to engage in an activity not mentioned, namely, the fitting and adjusting of contact lenses. We cannot agree.
We do not think anyone will disagree that the beneficial purpose of Chapter 484, Fla.Stat. (1967), F.S.A., is to protect from harm [3] the eyes of all people in Florida. We must construe §§ 484.01 and 484.02 (liberally or strictly, as the case may require) so as to accomplish this beneficial purpose. See George v. State, Fla.App. 1967, 203 So.2d 173, 175; 3 Southerland, *739 Statutory Construction, § 7202 (3rd ed. 1943). In construing §§ 484.01 and 484.02 we must also consider the principle “that statutes granting corporate powers, rights, [etc.] are strictly interpreted in favor of the public and against the corporation.” 3 Southerland, Statutory Construction, § 6502 at 235 (footnote omitted). Cf. Tampa & J. Ry. Co. v. Catts, 79 Fla. 235, 85 So. 364, 366 (1920). With the foregoing principles in mind we conclude that in order to effectuate the beneficial, public purpose of §§ 484.01 and 484.02, we must construe those sections strictly and hold that they do not grant opticians (licensed or unlicensed) authority to' fit or adjust contact lenses to the eyes of human beings.[4] Appellant’s second argument does not convince us to change our holding.
Appellee’s argument on cross-appeal has not demonstrated that the trial judge erred in ruling on appellee’s counterclaim. The dismissal of the counterclaim for injunction was within the discretion of the trial judge even though the granting of an injunction in order to carry into effect the trial judge’s ruling on appellant’s claim might have been helpful to the appellee by avoiding other law suits. Because the injunction sought by the appellee would have been directed to the individual members of the appellant Association and because giving notice to each individual member would be difficult, we hold that the trial judge’s ruling on the counterclaim was correct. The obvious benefit to the appellee may be balanced by the difficulties in enforcement. Therefore no abuse of discretion has been shown. Cf. Simms v. Patterson, 53 Fla. 984, 43 So. 421 (1907).
Affirmed.

. State board of dispensing opticians; jurisdiction ; scope of law. There is hereby created a board to be known as the state board of dispensing opticians, which shall have exclusive jurisdiction over the trade or occupation of dispensing opticians. This chapter provides for the examination and regulation of dispensing opticians; provides a license tax and an occupational tax on persons, partnerships or corporations now or hereinafter engaged in such trade or occupation; prohibits the sale of eyeglasses, spectacles, artificial eyes, lenses, contact lenses and optical devices, except as herein provided, unless and until the dispensing optician has qualified with and obtained a license from the said state board of dispensing opticians; this chapter also provides for the licensing of dispensing opticians having a license to practice and trade on June 8, 1949; this chapter also prescribes the manner of enforcing the provisions of this chapter and fixes the penalties for the violation of the terms and provisions thereof; the said chapter defines the jurisdiction, limitation and powers of said state board of dispensing opticians. Natural persons, partnerships or coi'porations may engage in the trade or occupation of dispensing opticians, but each place of business maintained in the state shall have a duly licensed dispensing optician to supervise the preparing, fitting and adjusting of optical devices.

. Dispening optician defined. A dispensing optician is defined as one who prepares and dispenses lenses, spectacles, eyeglasses and optical devices to the intended user thereof on the written prescription of a physician or optometrist, duly licensed to practice his profession. A dispensing optician may' duplicate lenses without precription, provided, however, that such duplication shall be exact as to type, form and effective power and provided, further, that said dispensing optician shall not engage in the diagnosis of the diseases of the human eye or attempt to determine the refractive powers of the human eyes or, in any manner, attempt to prescribe for or treat diseases or ailments of human beings. A dispensing optician who qualifies under this chapter shall be determined and recognized as engaging in a lawful trade or occupation in the state. The state board of dispensing opticians shall have exclusive jurisdiction in the enforcement of this chapter over all persons, partnerships or corporations engaged in business as a dispensing optician, whether licensed or unlicensed; provided, however, that nothing herein contained shall be construed as limiting or in any *738 wise abrogating the power or authority of any board or commission created under any of the Laws of Florida, defining and regulating any profession, to enforce the provisions of such respective laws, or exercising any of the powers contained in such laws against violators thereof, even though engaged in the business of a dispensing optician.

. “ * * * the contact lens is an un-sterile, and sometimes unclean, foreign body which is being introduced into the eye for contact with the delicate cells of the corneal layer of the eyeball, and * * * this close contact prevents the normal metabolic processes which occur in the cornea and disturbs normal processes such as the chemical composition of the fluid film over the corneal surface.
“One of the legal problems involved in this situation is tliat in some states, non-medical (i. e., lay) technicians are authorized to ‘fit’ contact lenses, either with or without prescription by a physician. The definition of ‘fit’ is not always clearly set out. In too many instances, difficulties arising from the use of the lenses are either treated by the patient himself or on the advice of the lay technician who ‘fitted’ the lenses. Injuries may even go on unrecognized until serious harm has been done if the patient is not under some kind of supervision or observation by his eye specialist.” 4 Gray, Attorneys’ Textbook of Medicine, 1966 supplement to T62A.70, page 104 (3rd ed.).
See also 6 Lawyers’ Medical Cyclopedia, § 39.26, and supplement thereto.

. In April 1955 a bill dealing with the authority of opticians to fit contact lenses was introduced in both the House and Senate of the Florida Legislature. It was not adopted. Another bill on the same subject was introduced before the House this year and was not adopted. Our construction of §§ 4S4.01 and 484.02 must govern until such time as the Legislature deijms it proper to set forth specifically the authority of dispensing opticians with regard to the fitting and adjusting of contact lenses.
Our bolding is supported by cases cited in the annotation at 88 A.L.R.2d 1290, 1309, § 5, and supplement thereto; see especially Fields v. District of Columbia, 232 A.2d 300 (District of Columbia Court of Appeals 1967). And see 1963 Op.Atty.Gen., 063-144, November 26, 1963.