[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15616
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-23864-JEM


BOULAN SOUTH BEACH MASTER ASSOCIATION, INC.,
PARC PLACE DEVELOPMENT, LLC,
BOULAN SOUTH BEACH CONDOMINIUM ASSOCIATION, INC.,
COLLINS RENTALS, LLC,

Plaintiffs - Appellants,

versus

THINK PROPERTIES, LLC,
THINK HOSPITALITY, LLC,
THINK HOTEL GROUP, LLC,
THINK CONCIERGE, LLC,

Defendants - Appellees,

BOULAN 207 LLC, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 8, 2015)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

This is an interlocutory appeal from the denial of a preliminary injunction in a dispute between commercial developers and their former licensees over the use of trademarks and commercial property.  The district court denied an injunction to the developers on the basis that they failed to assert irreparable harm that was not fully compensable by monetary damages.  Because the district court evaluated the developers' motion for a preliminary injunction under an erroneous legal standard for irreparable harm, we vacate the district court's order and remand for reconsideration of the developers' motion.

I.

Appellants (collectively, the "developers") include the developers and owners of a mixed-use luxury beach community called Boulan South Beach, located in Miami Beach, Florida.  The developers engaged Appellees (collectively, "Think") to advertise units within a condominium property in Boulan South Beach (the "Condominium") and to manage rentals of various units in the Condominium

2

by participating unit owners.  To that end, the developers authorized Think to use trademarks in the names BOULAN and BOULAN SOUTH BEACH (the "BOULAN marks"), which Think primarily used in advertising on various websites and social media.  The developers also authorized Think to access and use the Condominium's front desk to facilitate Think's management of the rental program.

Eventually, the developers began to take issue with Think's advertising and management practices.  According to the developers, Think advertised the Condominium among a group of lower quality properties in promotional materials, failed to maintain Condominium property properly, allowed unauthorized guests to use Condominium property, and caused certain rental units to lose access to the beach, all to the detriment of the BOULAN brand.  For these reasons, the developers attempted to revoke Think's license to use the BOULAN marks in September 2014.  A month later, the developers also sent Think a letter revoking its license to use the Condominium's front desk.  Nevertheless, Think continued to use the marks and operate its rental program from the Condominium's front desk because it maintained that it had valid contracts with nearly all the non-developer unit owners in the Condominium.

After Think refused to comply with their demands, the developers filed an action in the district court for trademark infringement and trespass, among other

claims, and later filed their first amended complaint in November 2014. At the same time that they filed their operative complaint, the developers moved for a temporary restraining order and preliminary injunction against (1) Think's use of the BOULAN marks and (2) Think's alleged continuing trespass on the Condominium property.[1] The district court held a hearing on the motion for a preliminary injunction on December 4, 2014. Five days later, the district court denied the motion on the ground that the developers' asserted injuries were "economic in nature" and thus could not constitute irreparable harm because money damages could adequately compensate for those injuries. This appeal followed.

## II.

"We review the district court's denial of a preliminary injunction generally for an abuse of discretion, but we examine the legal conclusions on which the denial is based *de novo*." *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011). "A district court by definition abuses its discretion when it makes an error of law." *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003) (internal quotation marks omitted). For a district court to grant a preliminary injunction, a movant must establish four elements: "(1) [the movant] has a substantial

---

[1] The district court granted a temporary restraining order against Think's use of the Condominium property on November 24, 2014, but, after a hearing on the order two days later, set the order aside.

4

likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc).

### III.

We consider first whether the district court abused its discretion in denying a preliminary injunction against Think's use of the BOULAN marks on the ground that the developers failed to show irreparable harm. "Trademark actions are common venues for the issuance of preliminary injunctions, and this Circuit has held that a sufficiently strong showing of likelihood of confusion caused by trademark infringement may by itself constitute a showing of a substantial threat of irreparable harm." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1310 (11th Cir. 1998) (alterations, citation, and internal quotation marks omitted). This is so because a remedy at law for consumer confusion or reputational damage is ordinarily inadequate, given "the potential difficulty of proof of plaintiff's damages" and "the impairment of intangible values." *Wynn Oil Co. v. Am. Way Serv. Corp.*, 943 F.2d 595, 608 (6th Cir. 1991) (internal quotation marks omitted).

Accordingly, the district court erred in denying the motion for a preliminary injunction on the ground that "the only injuries asserted" by the developers were

"economic in nature and, therefore, monetary damages will adequately compensate [the developers] for their alleged injuries." *See Boulan S. Beach Master Ass'n, Inc. et al. v. Think Properties, LLC et al.*, No. 1:14-cv-23864-JEM, ECF No. 55 at 2 (S.D. Fl. Dec. 9, 2014) (the "Order").  The developers alleged in their amended complaint and argued in support of their motion that Think's use of the BOULAN marks causes confusion and damage to their brand.[2]  Our precedent recognizes such confusion as an injury that ordinarily warrants injunctive relief.  *See McDonald's Corp.*, 147 F.3d at 1310.  While a district court always has discretion to assess the weight of evidence establishing a likelihood of irreparable harm, *see N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1227-28 (11th Cir. 2008) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006)), there is no indication here that the district court analyzed the potential for confusion or reputational harm and decided that the evidence thereof was insufficient.  Our conclusion that the district court failed to perform this analysis is based, in large part, on its failure to discuss any Eleventh Circuit precedent regarding standards

---

[2] Without assessing the merit of the developers' claims, we note we have previously observed that "a strong risk of consumer confusion arises when a terminated franchisee continues to use the former franchisor's trademarks," *Burger King Corp. v. Mason*, 710 F.2d 1480, 1492 (11th Cir. 1983), a situation that finds its analog to some degree in a terminated agent's continued use of the principal's trademarks.

for establishing irreparable harm in this context.[3]  Instead, the district court, citing to one Sixth Circuit case involving an injunction to force payment of owed royalties rather than against the use of protected marks, considered only whether the developers could "demonstrate that the viability of their business would be seriously threatened" absent an injunction.  Order at 2; *see Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1375, 1382-83 (6th Cir. 1995).  While such a showing may have been sufficient to establish irreparable harm, it is not a necessary showing under the law of our circuit.  Because the district court made an underlying error of law that distorted its exercise of discretion, *see Brown*, 332 F.3d at 1343, we vacate the district court's denial of a preliminary injunction against Think's use of the BOULAN marks.

For essentially the same reasons, we also vacate the district court's denial of a preliminary injunction against Think's alleged trespass.  As set out in the developers' amended complaint, the trespass claims incorporate the allegedly damaging effects of Think's actions on the developers' trademarks and reputation.  The developers' argument that Think's continued trespass at the Condominium's front desk could confuse guests or otherwise damage the developers' brand is not absurd on its face.  *See generally Atl. Coast Line R.R. Co. v. Feagin*, 105 So. 141,

---

[3] Our conclusion is bolstered by the district court's insinuation at the hearing on the motion that the developers' assertion of reputational damage to their high-end brand was "snooty" and that any such damage was not a cognizable harm.  *See* Doc. 56 at 8-9.

7

141 (Fla. 1925) (holding that trespass on property merits an injunction where "the complainant's title [is] legally established" and "the trespass [is] of such a nature as to cause irreparable damage, not susceptible of complete pecuniary compensation").  Given the district court's failure to recognize such harms in the context of trademark infringement, where they are more typical, we are convinced that the court also failed to do so when considering the trespass claims.  Again, although the district court may exercise its discretion in weighing evidence of irreparable harm — and it may conclude that any trespass is unlikely to cause significant consumer confusion or reputational damage — it was error to assume that these harms were not cognizable.  Thus, we vacate the district court's denial of an injunction against Think's alleged trespass.

Because the district court's denial of a preliminary injunction rested entirely on an error of law, the district court "failed to support its actions with proper findings of fact and conclusions of law."  *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974).[4]  In such circumstances, "the district court is in a better position to evaluate [the evidence], having heard the evidence and arguments in the first instance, [and] we think it more appropriate to remand to that court for reconsideration than attempt it ourselves."  *Id.*; *see also Speer v. Miller*,

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

15 F.3d 1007, 1010-11 (11th Cir. 1994).  We express no opinion on the merits of the developers' motion.

## IV.

The district court's order denying the developers' motion for a preliminary injunction is **VACATED**, and the case is **REMANDED** for reconsideration of the motion in the light of this opinion.